construction of the instrument, as we are inclined to think it is, the proof makes it clear beyond dispute that Ihmels was able to pay the debt many years before suit brought. And if the proper construction of the instrument be as the plaintiff claims, to wit, that Ihmels was not to pay until he could do so without injury to the mercantile business in which he was engaged, there was proof tending to support the judgment even upon this construction of the instrument. We have repeatedly held that in such cases we will not disturb the judgment.

The announcement by the court, in respect to the weight to be attached to the evidence, is no ground for reversing the judgment. It was only one of the reasons assigned by the court for its decision; and there may have been, and we think there were, other sufficient reasons to justify the judgment. If the court was wrong in being influenced by such considerations, we would not, for that reason, reverse a judgment which was proper on the whole case as made.

Judgment affirmed.

We concur: Sanderson, J.; Sprague, J.; Sawyer, C. J.

---

JOHN R. MEAD, Respondent, v. M. G. ELMORE, Appellant.

No. 1572; July 11, 1868.

Corporate Stock—Transfers—Entry in Books.—Under the statute controlling transfers of stock in incorporated companies (Stats. 1853, p. 87, sec. 9), transfers not entered on the books of the company are valid against all the world except subsequent purchasers of the stock in good faith and without notice.

APPEAL from Fifteenth Judicial District, San Francisco County.

Jarboe & Harrison for respondent; Clark Churchill for appellant.

SANDERSON, J.—Upon the merits this case is not distinguishable from Weston v. Bear River and Auburn Water and

Mining Company, 5 Cal. 186, 63 Am. Dec. 117; the same case on a second appeal, 6 Cal. 425; and Naglee v. Pacific Wharf Co., 20 Cal. 529. In those cases the statute in relation to the transfer of stock in incorporated companies (Stats. 1853, p. 87, sec. 9) has received a construction from which, upon the principle of stare decisis, we cannot now depart.

It was held in those cases that transfers of stock, which have not been entered on the books of the company, as provided in the statute, are nevertheless valid as against all the world, except subsequent purchasers in good faith without notice.

The case shows that the relator purchased with notice that the stock in question had been previously hypothecated, and afterward sold, by the defendant in the execution, and that at the time of the levy he had no property whatever in the stock.

Upon the authority of the cases to which we have referred, the order of the court below must be reversed.

So ordered.

We concur: Crockett, J.; Sprague, J.

---

## THOMAS DWYER, Respondent, v. CALIFORNIA STEAM NAVIGATION CO., Appellant.

### No. 1662; July 13, 1868.

**Instructions.**—Counsel Who Make No Effort at the Trial to have the jury given full instructions, and subsequently claim on appeal that the court prejudiced the case and misled the jury by charging as to one branch of the case at the expense of another, indulge in a reprehensible practice.

**Counsel Should Act in Good Faith Toward the Court,** and in emergencies not remain silent in order to invite an inadvertence, with a view, if possible, of torturing it into an error.

**Appeal—Error Invited by Counsel—Damages.**—An appeal based on conduct of the trial court, invited by counsel for the purpose of providing points for appeal, and not in fact prejudicial to his client, is to be regarded as a frivolous appeal, and in such cases on respondent's motion damages should be awarded.