[No. 7,467.—Department One.]

## FARMERS' NATIONAL GOLD BANK v. WILLIAM C. WILSON ET AL.

INJUNCTION— ATTACHMENT— EXECUTION —LEVY — INNOCENT PURCHASER— NOTICE.—S., to secure a note to the plaintiff for five hundred dollars, executed to it an assignment of certain certificates of stock (of the value of seven hundred dollars), and a power of attorney authorizing the assignee to cause the proper transfer of the stocks on the books of the company. The defendant D., as Sheriff, at the suit of the defendant W. against S., levied an attachment, and subsequently an execution upon the stock, which still stood on the books of the corporation in S.'s name.

*Held*, That the interest of S. was subject to sale under the execution; that though a purchaser at the sale without notice of the previous assignment to the plaintiff would take the stock discharged of the plaintiff's lien, yet the plaintiff had it in its power at the start to avoid this danger by causing a proper transfer of the stock on the books of the corporation, and might still avoid it by seeing that the purchaser at the execution sale took with notice of its lien, and perhaps by other means, but that it was not entitled to an injunction to prevent a sale of whatever interest remained in S.

APPEAL from a judgment for the plaintiff in the Superior Court of Santa Clara County. BELDEN, J.

The Court found with reference to the levy of the attachment, that under and by virtue of the same, the defendant Thomas Desmond, as Sheriff of the City and County of San Francisco, State of California, levied upon said stock by leaving with the President of said Home Mutual Insurance Company a copy of said attachment commanding him to hold said stock subject to any judgment that said Wilson might recover against said Shartzer in said action instituted by him as aforesaid, and that under the execution he levied upon said stock by leaving with the President of the Home Mutual Insurance Company a copy thereof.

*S. O. Houghton* and *John Reynolds*, for Appellant.

The sole ground upon which respondent rests its right to an injunction is, that, should Wilson the attaching and judgment creditor, be permitted to sell the stock, there might be danger that it would be purchased at the sale by some person who would not have notice of the claim of respondent there-

to, and thereby deprive it of its security.    The establishment of such a doctrine would open the way to endless frauds, for any holder of stock, by pledging it for a small part of its value, could effectually prevent all other creditors from subjecting his remaining interest to the satisfaction of their demands.    A certificate of stock is not in any sense a negotiable instrument; the title thereto may pass by assignment, but not by indorsement. (*Sherwood* v. *Meadow Valley M. Co.*, 50 Cal. 412.)    The law governing such transfers was correctly construed in the case of *Weston* v. *B. R. & A. W. & M. Co.*, 5 Cal. 186.    In that case it was held that, an assignment of stock was valid only as between the parties.    When the same case was again before the Court (6 Cal. 429), a distinction was made, and the rule before laid down, modified by holding that an attaching creditor having notice of the hypothecation of stock, could only acquire a lien subject to the claim of the assignee.    The soundness of that distinction was questioned in the case of *Naglee* v. *Pacific Whurf Co.*, 20 Cal. 533, but the Court said: "Nevertheless, the Court did not intend by the latter decision to overrule or qualify the former decision, for they expressly say that public policy demands that the former decision should be maintained.    In the subsequent case of *Strout* v. *The Natoma W. & M. Co.*, 9 id. 78, the Court assumes the law to be settled according to the first decision in the case of *Weston* v. *The Bear River & Auburn W. M. Co.*, and no conflicting decision has since been made," and the Court affirms that rule, saying, "We think the decision has stood too long as a guide for transactions of this nature to be now disturbed."    In *Winter* v. *Belmont M. Co.*, 53 id. 432. the rule established in *Weston* v. *Bear River W. & M. Co.*, 5 id. 186, is recognized as law; cases above referred to, and those of *Brewster* v. *Sime*, 42 id. 139, and *Thompson* v. *Toland*, 48 id. 99, are cited as its support.    By these cases the law seems to be settled that a creditor of the owner of shares of stock, may attach them, and acquire a lien thereon, as against an assignee or pledgee of such shares, where no transfer has been made on the books of the company, if the attaching creditor has no notice of the assignment or pledge.

*S. J. Hinds*, for Respondent.

In the case of *Weston* v. *The Bear River & Auburn W. &*

*M. Co.*, 5 Cal. 186, the section of the statute above quoted was brought for the first time before the Supreme Court of this State for construction. It was contended by the counsel for respondent in that case, that the section was intended for the protection and government of the corporation, and did not apply to transfers between third parties. The Court, however, held that the intention of the section was to protect third parties, and so held the rights of an attaching creditor superior to a previous transfer of the certificates of stock. On the second appeal of the same case, reported in 6 id. 425, the Court still adheres to the construction of the statute given on the first appeal, but confines the third parties to be protected by the statute to transferees and purchasers in good faith without notice. While the Court affirms the doctrine that the statute was not passed for the protection of the corporation only, but also for the benefit of third parties, it also holds that a third party, in order to have the right to dispute an unrecorded transfer, must himself be a transferee or purchaser in good faith without notice. This construction has been affirmed in subsequent cases. (*Weston* v. *B. R. & A. W. Co.*, 5 Cal. 186; S. C., 6 id. 425; *People* v. *Elmore*, 35 id. 655; *Mead* v. *Elmore*, July Term, 1868; *Parrott* v. *Byers*, 40 Cal. 614; *Winter* v. *Belmont M. Co.*, 53 id. 429; *Continental Nat. Bk.* v. *Eliot Nat. Bk.*, The Reporter, vol. xii, No. 2, p. 35, July 13th, 1881.) The transfer of the certificate of stock by proper indorsements were sufficient as between Shartzer and the bank, and such a transfer is declared by the authorities above cited to be good against all the world except *bona fide* purchasers. It is therefore entirely immaterial whether such a transfer passed the legal or equitable title in the stock. If the appellant, Wilson, has any standing in Court in his attack upon such transfer, it must be by reason of some right given him by the statute. In his character of an attaching creditor he would have no standing unaided by the statute, for it is a rule too well settled to require the citation of authorities, that creditors, whether they proceed by an attachment on mesne process, seizure on execution, creditor's bill, or through an assignee in bankruptcy, must take their debtor's property subject to all equitable as well as legal opposing titles. The appellant's

only hope is in the Court holding that under this section of the statute all unrecorded transfers of stock are absolutely void against third parties, without any inquiry as to whether such third parties are *bona fida* purchasers or not; but the Supreme Court of the State, in the authorities above cited, has decided that the party attacking such an unrecorded transfer of certificate of stock must himself be a *bona fide* purchaser. The appellant Wilson, not being such a purchaser, is not entitled to protection. It is contended that, inasmuch as the debt for which the stock was held as security was less than its value, that there was still remaining in Shartzer some interest which Wilson, the attaching creditor, should have been allowed to sell, and that a purchaser at such sale would have taken the stock subject to the prior rights of the respondent. But a purchaser without notice under the sale by Wilson would have taken the whole interest in the stock, free from the prior claim of the bank; and hence it was absolutely necessary for the bank to prevent the sale, that its rights might be protected. (*Naglee* v. *Pacific Wharf Co.*, 20 Cal. 530; *Winter* v. *Belmont M. Co.*, 53 id. 428.) Parties whose rights will be affected by the sale of stock have a right to go into a Court of Equity and enjoin the sale. The rule in regard to negotiable instruments is that if there is danger that a negotiable instrument which ought not to be negotiated will get into the hands of a *bona fide* holder, without notice and for a valuable consideration, to the prejudice of persons interested in it, the Court will interfere. (Kerr on Injunctions, 591, 595; High on Injunctions, § 760.) In this State certificates of stock so far partake of the character of negotiable instruments, that a *bona fide* purchaser takes them free from all prior and opposing titles—a purchaser of a promissory note, duly indorsed, can get no better title. The stock was, therefore, in danger of being exposed to sale and falling into the hands of a *bona fide* purchaser, who would hold it free of all prior or opposing titles.

ROSS, J.:

On the 2d of January, 1879, one Shartzer was the owner and holder of eight shares of the capital stock of the Home Mutual Insurance Company, a State corporation. On that

day he executed to the plaintiff an assignment of the certificates of the stock, together with a power of attorney authorizing the assignee to cause the proper transfer of the stock to be made on the books of the company. The assignment was made as collateral security for the payment of Shartzer's note for five hundred dollars, with interest, executed by him to the plaintiff. Plaintiff neglected to have the stock transferred on the books of the company, and on the first of November following, the defendant Wilson, having no knowledge of the assignment, commenced an action against Shartzer to recover a considerable sum of money due to him from Shartzer, in which action a writ of attachment was duly issued and levied by the defendant, Desmond, as Sheriff, upon the stock, which stood on the books of the corporation in Shartzer's name. Subsequently, Wilson recovered judgment in his action, and in due time an execution was issued thereon and placed in the hands of the Sheriff, who was proceeding to sell the stock, when the present action was commenced to enjoin the sale. The value of the stock, according to the pleadings in the case, exceeds the amount of the indebtedness from Shartzer to the plaintiff; and as it is also found that the assignment of the stock was only as collateral security for that indebtedness, it results that Shartzer retained an interest in the stock. This interest is undoubtedly subject to sale by Shartzer. Why it is not also subject to forced sale under legal process against him, we are unable to see. It is quite true, under the rule long settled in this State, that the assignment to the plaintiff, notwithstanding the fact that the transfer was not entered on the books of the corporation, was valid as against all persons except a subsequent purchaser in good faith, without notice, within which exception the defendant Wilson does not come. Likewise, it is true, under the same rule, that a purchaser at the execution sale under the Wilson judgment, without notice of the previous assignment to the plaintiff, would take the stock discharged of the plaintiff's lien. (See *Weston* v. *B. R. & A. W. Co.,* 5 Cal. 186; S. C., 6 id. 425; *People* v. *Elmore,* 35 id. 655; *Parrott* v. *Byers,* 40 id. 614; *Winter* v. *Belmont Mining Co.,* 53 id. 429.) But if the latter result should occur, it would be the fault of the plaintiff. It had it in its power at the start to avoid all danger by doing what it ought to have

done—caused the proper transfer of the stock to have been made on the books of the corporation. It may still avoid loss by seeing that the purchaser at the execution sale takes with notice of its lien, and, perhaps, by other means. But it has no right to an injunction preventing a sale under the Wilson execution of whatever interest remains in Shartzer.

Judgment reversed.

McKINSTRY, J., and McKEE, J., concurred.