[S. F. No. 2125.  Department Two. —July 3, 1901.]

WEST COAST SAFETY FAUCET COMPANY, Plaintiff
and Respondent, v. N. H. WULFF, Defendant and Re-
spondent.  EDWARD H. LAKE et al., Defendants and
Appellants.

EXECUTION — CORPORATE STOCK — PRIORITY BETWEEN PURCHASER AND
PLEDGEE. — One who purchases at execution sale shares of stock of
a corporation, standing on the books of the corporation in the name
of the judgment debtor, is entitled to have the certificate of such
shares reissued to him as such purchaser, if at the time of the pur-
chase he acts in good faith, and without notice that the outstanding
certificate has been assigned or pledged to some person other than
the judgment debtor.  In order that an assignee or pledgee of a
certificate may protect his rights, as against a purchaser at execu-
tion sale, he must cause a reissue to him of a certificate, or he
must serve notice on the corporation that he holds the certificate
as such assignee or pledgee.

ID. — EXECUTION SALE, HOW CONDUCTED — POSSESSION OF CERTIFICATE
NOT ESSENTIAL. — Under section 688 of the Code of Civil Procedure,
providing that shares in any corporation may be attached on execu-
tion in like manner as upon writs of attachment, and section 542,
subdivision 4, of the same code, it is not essential to the validity of
an execution sale of shares of a corporation that the sheriff should
have manual possession of the certificate at the time of the sale,
nor that he should deliver the certificate to the purchaser; and if,
at the time of the sale, the certificate is in the hands of a pledgee,
of which fact the purchaser in good faith had no notice, the pledgee
may be compelled to surrender the certificate for reissue to the
purchaser.  Such procedure is applicable to execution sales under
judgments of justices' courts.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order refusing
a new trial.  Edward A. Belcher, Judge.

The facts are stated in the opinion.

F. A. Berlin, for Appellant.

Robert Ash, for Respondent Wulff.

A. L. Black, for Plaintiff Respondent.

CHIPMAN, C. — Plaintiff brought the action to compel defendants to answer and to cause their respective rights to certain shares of plaintiff company to be determined. The cause was tried on an agreed statement of facts, and defendant Wulff was adjudged to be "the holder and pledgee of certificate No. 61 for one hundred shares of the capital stock of the West Coast Safety Faucet Company, and entitled to have the same transferred on the books of said corporation to his name." Defendant Lake appeals from the judgment and from the order denying his motion for a new trial.

The essential facts were, that one Straut owned the shares in 1896, and the certificate stood in his name then, and ever since, on the books of the corporation. In October, 1896, he indorsed the certificate to defendant Wulff as collateral security, into whose possession it passed and has since remained. In 1897, defendant Lake brought an action against Straut in the justice's court of the city and county of San Francisco, and caused a writ of attachment to issue therein, directed to the sheriff, who duly served the same upon the secretary of said corporation. Lake obtained judgment in January, 1898, and caused execution to issue thereon, and it was duly levied by leaving with the secretary of the corporation a copy of the writ, and a notice that the said stock was levied upon in pursuance of the writ. The sheriff duly sold the shares at public auction, pursuant to execution, in March, 1898, and Lake became the purchaser, and he thereupon made demand for a transfer of the shares and issuance of a certificate therefor to him. Wulff had not up to this time demanded any reissue of the stock to him, nor had he notified the corporation that he held the certificate as pledgee or otherwise. Lake first knew of the claim of Wulff, and that he held the certificate as pledgee, in January, 1899.

1. It is settled law in this state, that one who purchases at execution sale shares of a corporation, standing on the books of the corporation in the name of the judgment debtor, is entitled to have the certificate of such shares reissued to him as such purchaser, if at the time of the purchase he acts in good faith, and without notice that the outstanding certificate has been assigned or pledged to some person other than the judgment debtor. In order that an assignee or pledgee of a certificate may protect his rights, as against a purchaser at execution

sale, he must cause a reissue to him of a certificate, or he must serve notice on the corporation that he holds the certificate as such assignee or pledgee.

The decisions of this court on the question will be found in the following cases: *Weston* v. *Bear River etc. Co.*, 5 Cal. 186; also, second appeal, 6 Cal. 425; *Strout* v. *Natoma W. & M. Co.*, 9 Cal. 78; *Naglee* v. *Pacific Wharf Co.*, 20 Cal. 530; *People* v. *Elmore*, 35 Cal. 653; *Parrott* v. *Byers*, 40 Cal. 614; *Winter* v. *Belmont Mining Co.*, 53 Cal. 428; *Farmers' National Gold Bank* v. *Wilson*, 58 Cal. 600; *Spreckels* v. *Nevada Bank*, 113 Cal. 272.[1] The last of these cases points out what must be done by the pledgee, where it is desirable to leave the stock standing in the name of the owner.

2. Respondent Wulff claims that in the suit of *Lake* v. *Straut* in the justice's court the plaintiff could, under subdivision 4 of section 542 of the Code of Civil Procedure, attach the interest of defendant, but that after judgment the plaintiff should have proceeded under sections 545 and 905 of the Code of Civil Procedure. The first of these sections relates to the citation of the defendant, and any person having in his possession personal property belonging to the defendant, for the purpose of examining them respecting such property. Section 905 makes applicable to justice's courts sections 714 to 721 of the Code of Civil Procedure, inclusive, which latter relate to proceedings supplementary to the execution. Respondent's contention cannot be sustained. Section 688 of the Code of Civil Procedure expressly provides that shares in any corporation may be attached on execution, in like manner as upon writs of attachment. It was not necessary to the sale of Straut's interest in the shares that they should be in the hands of the sheriff to be personally delivered to the purchaser. The writ of execution is served as is the writ of attachment, which latter is served as directed by subdivision 4 of section 542 of the Code of Civil Procedure. This section and section 688 appear to treat the interest of the debtor in shares of corporations as personal property not capable of manual delivery. When the execution is served, the sale proceeds without manual possession of the certificate by the sheriff. He does not require such possession for the levy, as in the case of personal property under subdivision 3 of section 542 of the Code of Civil Procedure, nor is it

---

[1] 54 Am. St. Rep. 348.

necessary that he deliver the certificate to the purchaser at execution sale. The certificate might at the time be in the hands of the owner, but the levy and sale would entitle the purchaser to have a certificate issue to him, and for that purpose the court would, upon appropriate proceedings, compel the surrender of the original certificate, in order that it might be reissued to the purchaser. So, also, if it turned out that the certificate was in the hands of a pledgee, of which fact the purchaser in good faith had no notice, the pledgee could be compelled to surrender the certificate, that it might reissue to the purchaser. In some of the cases cited *supra*, the procedure was the same as in the present case, and sale was made without supplementary proceedings. It was so in *Weston* v. *Bear River etc. Co.*, 5 Cal. 186; second appeal, 6 Cal. 425; also in *Naglee* v. *Pacific Wharf Co.*, 20 Cal. 530; and in *People* v. *Elmore*, 35 Cal. 653, and also, we think, in *Farmers' National Gold Bank* v. *Wilson*, 58 Cal. 600. Of the regularity of the procedure we have no doubt.

As the case is here on an agreed statement of facts, there is no necessity for a new trial. The judgment and order should be reversed, with directions to enter judgment in favor of defendant Edward H. Lake.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed, with directions to enter judgment in favor of defendant Edward H. Lake.

McFarland, J., Temple, J., Henshaw, J.