[Civ. No. 3002. First Appellate District, Division One.—September 3, 1919.]

AMERICAN TRUST AND BANKING COMPANY (a Corporation), Appellant, v. UNION SECURITY COMPANY (a Corporation), Respondent.

L. P. LOWE, Intervener, Cross-complainant and Respondent, v. AMERICAN TRUST & BANKING COMPANY (a Corporation), Cross-defendant and Appellant; UNION SECURITY COMPANY (a Corporation), Cross-defendant and Respondent.

[1] CORPORATIONS—PLEDGE OF STOCK—ENTRY OF TRANSACTION UPON CORPORATION BOOKS—RIGHTS OF PLEDGEE.—A person who acquires stock in pledge has the right to compel the corporation to cause the nature of the transaction to be so entered upon its books as to show the names of the pledgor and the pledgee, the number or designation of the shares, and the date of the transfer.

[2] ID.—INDORSEMENT AND DELIVERY OF CERTIFICATE — VALIDITY OF TRANSFER.—Under section 324 of the Civil Code, as interpreted by the supreme court, a transfer of stock by indorsement and delivery of the certificate is valid against all but innocent purchasers and transferees in good faith for value, and without notice. Actual notice to such an intending purchaser by one having a prior claim upon the stock, even though his claim be not noted in the books of the corporation, is sufficient.

[3] ID.—PURCHASE OF STOCK AT EXECUTION SALE—WANT OF NOTICE OF PRIOR ASSIGNMENT AS PLEDGE—RIGHT TO HAVE SHARES REISSUED.—A purchaser of stock at an execution sale under his own judgment, without actual or constructive notice of the previous

assignment of such stock by the judgment debtor, in whose name it stands on the books of the corporation, to a third person as security for an antecedent indebtedness, takes the stock discharged of the lien of such pledgee, and is entitled to have the certificate of such shares reissued to him as such purchaser. He is a *bona fide* purchaser in good faith, for value, and without notice.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

Gray, Barker & Bowen, Donald Barker and Arthur R. Smiley for Appellant.

Swanwick & Donnelly for Respondent Union Security Company.

Goodwin & Morgrage for Respondent L. P. Lowe.

WASTE, P. J.—Plaintiff brought this action against the Union Security Company, seeking to compel defendant to enter a transfer of certain shares of its own stock upon its books, showing ownership therein in plaintiff, and to issue to plaintiff a certificate therefor. From the chronological statement of the facts, it appears that one Brown, the owner of seventy shares of the capital stock of defendant, Union Security Company, indorsed a certificate of this stock, and delivered it to the plaintiff as a pledge and security for an obligation held by plaintiff against the corporation, of which Brown was president. Plaintiff took no steps to have the records of the Union Security Company show the transfer or its interest in the said stock as pledgee until long after the rights of intervener and cross-complainant Lowe had attached to said stock as hereinafter stated.

After the delivery of the stock certificate and pledge, one Randall commenced an action in the superior court of Los Angeles County against Brown, and caused an attachment to be regularly issued and levied upon the said seventy shares of stock, then standing in the name of Brown on the books of the Union Security Company. Judgment was entered in this action in favor of Randall against Brown, and execution upon the said judgment was issued and levied upon the said seventy shares of stock still standing in Brown's name on the

books of the company. The sheriff of Los Angeles County duly sold said stock to Randall in satisfaction of his judgment, and delivered a certificate of sale thereof in regular form. Randall had no notice or knowledge of plaintiff's equities in the stock until long after his purchase at the execution sale in satisfaction of the judgment against Brown and receipt of the certificate of sale from the sheriff. He promptly presented this certificate to the Union Security Company, and demanded transfer of the said seventy shares in his name on the books of the company. As the company had no knowledge of any adverse interest in, or claim to, the stock it issued to Randall a certificate for seventy shares of its capital stock, in lieu of said certificate, standing on its books in the name of Brown.

Randall thereafter indorsed and delivered said certificate of stock to Lowe, the intervener, who also took the same without notice.

Some time thereafter the certificate of stock which Brown had delivered as a pledge to plaintiff was sold and assigned to plaintiff in satisfaction of the debt for which it was held as security. Plaintiff presented the certificate with the assignment thereof to the Union Security Company and demanded the transfer of such shares be made to defendant upon the books of said company. The Union Security Company refused to comply with the demand, and plaintiff commenced this action to compel it to do so. L. P. Lowe intervened in the action, and, by cross-complaint against plaintiff and defendant, alleged, in substance, the foregoing facts, which at the trial were stipulated as the facts of the case. Judgment was entered in favor of Lowe, adjudging him to be the owner of the stock. Plaintiff moved for a new trial, which was denied, and now appeals from the judgment.

Succinctly stated, the question for the court on this appeal is, whether or not a *bona fide* purchaser at an execution sale of stock standing in the name of a judgment debtor on the books of the corporation is protected in the purchase against a prior pledgee holding a certificate evidencing said stock as security for an antecedent indebtedness of the judgment creditor. The lower court answered this question, we believe, correctly, in the affirmative.

[1] When plaintiff acquired the stock in question in pledge from Brown, it had a right to compel the Union

Security Company to cause the nature of the transaction to be so entered upon its books as to show the names of the pledgor and the pledgee, and the number or designation of the shares, and the date of the transfer. (*Spreckels* v. *Nevada Bank,* 113 Cal. 272, 277, [54 Am. St. Rep. 348, 33 L. R. A. 459, 45 Pac. 329].) As was said in that case: "All this may be done to the full protection of the pledgee's rights without the surrender of the certificates, their cancellation, and the issuance to him of new ones, and, when done, the pledgee would be fully protected against a subsequent purchaser, who would be charged with the constructive notice which the entries upon the books of the corporation import; and, upon the other hand, there would be preserved to the pledgor all the rights incident to his ownership under the pledge."

[2] Section 324 of the Civil Code provides that shares of stock may be transferred by indorsement and delivery of the certificate, but that such transfer is not valid except between the parties thereto until same is so entered upon the books of the corporation, as to show the names of the parties by and to whom transferred, the number or designation of the shares, and the date of the transfer; it has been determined by the decisions of the supreme court of this state, interpreting these provisions, that even without entry upon the books of the corporation, such a transfer is valid as against all but innocent purchasers and transferees in good faith for value, and without notice. Actual notice to such an intending purchaser by one having a prior claim upon the stock, even though his claim be not noted in the books of the corporation, is sufficient. (*Spreckels* v. *Nevada Bank, supra,* and cases cited.)

[3] In the case at bar the subsequent purchaser at the execution sale had no actual notice, nor constructive notice, which the entries on the books of the corporation, referred to in the decision just quoted, would have imported. We are of the opinion, therefore, that plaintiff omitted to take an ordinary business precaution as well as to perform its duty when it failed to cause a proper entry of the transaction between itself and defendant's pledgor, Brown, to be entered upon the books of the Union Security Company for its protection, as the section of the code referred to contemplated.

Lowe, as the purchaser at the execution sale under his judgment, without notice of the previous assignment of the

seventy shares of stock to the plaintiff, took the stock discharged of the plaintiff's lien (*Farmers' Nat. Gold Bank* v. *Wilson,* 58 Cal. 600), and was entitled to have the certificate of such shares reissued to him as such purchaser. (*West Coast Safety Faucet Co.* v. *Wulff,* 133 Cal. 315, 316, [85 Am. St. Rep. 171, 65 Pac. 622].)

Lowe, purchasing the stock at a sale under his own judgment, without actual or constructive notice of alleged defects in the title thereof, was a *bona fide* purchaser for value. (*Kady* v. *Purser,* 131 Cal. 552, at 559, [82 Am. St. Rep. 391, 63 Pac. 844] ; *Foorman* v. *Wallace,* 75 Cal. 552, [17 Pac. 680] ; *Hunter* v. *Watson,* 12 Cal. 377, [73 Am. Dec. 543].) The rule as to a *bona fide* purchaser applies to sales of corporate stock. (*Anglo-California Bank* v. *Grangers' Bank,* 63 Cal. 359 ; *Winter* v. *Belmont Mining Co.,* 53 Cal. 428.) Within the rule announced intervener Lowe was a *bona fide* purchaser in good faith, for value, without notice.

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 28, 1919.

All the Justices concurred.