[Civ. No. 3249.   Second Appellate District, Division One.—April 12, 1920.]

WOODSTONE MARBLE & TILE COMPANY (a Corporation), Appellant, v. DUNSMORE CANYON WATER COMPANY (a Corporation) et al., Defendants; WILLIAM GARLAND, Respondent.

[1] CORPORATIONS — SALE OF STOCK ON EXECUTION — TITLE OF PURCHASER—RULE INAPPLICABLE TO MUTUAL WATER COMPANIES.—The rule that where one at a sale under execution, in the absence of facts shown which charge him with notice that another has an interest therein as owner or pledgee, buys shares of corporate stock standing upon the books of a corporation in the name of

the judgment debtor, he acquires absolute title thereto, is inapplicable in the case of purchase of shares of stock in a mutual water company created not for profit and to pay dividends to the stockholders, but solely for the convenient and more economical management of a common source of water in the distribution of and from which, according to their respective rights, the owners of these several tracts of land are entitled to a supply of water for use thereon.

[2]  ID.—EXCHANGE OF WATER RIGHT FOR STOCK—SALE OF LAND ON FORECLOSURE—PRIORITY OF TITLE TO WATER RIGHT AS AGAINST EXECUTION PURCHASER OF STOCK.—Where the owner of a water right as an appurtenance to certain land conveys such water right to a mutual water company created not for profit but solely for the convenient and more economical management of a common source of water and receives in exchange therefor shares of stock in said company in proportion to his previous rights in the water, such water right remains as an appurtenance to the land and passes to the purchaser of the land on the foreclosure of a mortgage duly recorded wherein the owner of the land mortgaged the same, "together with all water rights, pipe-lines, ditches and appurtenances thereunto belonging," as against a subsequent purchaser at execution sale of the stock which still stood on the books of the company in the name of the former owner.

[3]  ID.—ACTION TO ESTABLISH OWNERSHIP OF STOCK — COMPLIANCE WITH SECTION 324, CIVIL CODE—APPEAL ON JUDGMENT-ROLL—PRESUMPTION.—On an appeal on the judgment-roll alone, in an action by the execution purchaser of shares of stock in a mutual water company against the purchaser on foreclosure of a mortgage on the land of the execution debtor to obtain a decree adjudging it to be the owner of said stock and for an order requiring the water company to issue to it a certificate for the same, it will be presumed, in support of the judgment and finding of the trial court that such stock was appurtenant to the land and passed with the deed thereto, that the water company complied with the provisions of section 324 of the Civil Code making such stock appurtenant to and transferable with the land.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Barstow, Rohe & Jeffers and C. E. Spencer for Appellant.

Hunsaker, Britt & Edwards and G. Harold Janeway for Respondent.

SHAW, J.—In this action plaintiff sought a decree adjudging it to be the owner of ten shares of stock in the Dunsmore Canyon Water Company and an order requiring said company to issue to it a certificate for the same.

The Dunsmore Canyon Water Company, together with Mrs. John Leenhouts and her husband, who were made parties defendant, suffered default. Defendant Garland filed an answer, and the result of the trial was a judgment against the plaintiff, from which it appeals on the judgment-roll, claiming that it is entitled to have judgment in its favor entered upon the findings.

The facts, as disclosed by the findings, are in substance as follows: In 1886 one Briggs, being the owner of 900 acres of land and the right to use thereon 90/110ths of all the waters of Dunsmore canyon, subdivided the same into ninety ten acre parcels under the name of Crescenta-Canada Tract, which parcels he sold and conveyed, together with the right to 1/110th of the said waters of Dunsmore Canyon as an appurtenance to each of said ten acre parcels of land. In 1908 Mrs. Leenhouts, by mesne conveyance, acquired lot 1, block K, of this subdivision, with which there was conveyed to her as an appurtenance thereto 1/110th of all the waters of Dunsmore Canyon, which supply of water, in the cultivation of said land and the irrigation of the same in growing fruits and other crops, was used thereon from 1886 to the bringing of this action, and without which said land would be of little or no value for the growing of crops thereon. In the year 1908 certain owners of these ten acre tracts of land and the rights to the waters of Dunsmore Canyon so acquired as appurtenant thereto organized a mutual water company, designated the Dunsmore Canyon Water Company, the purpose of which was to facilitate the collection, management, and distribution of the waters of said canyon to the owners of said lands in proportion to their respective rights to said waters; that thereupon Mrs. Leenhouts, as owner of said lot 1, block K, in said tract, and other property owners likewise having interest in the waters of said canyon, conveyed the same to the said corporation, and, as consideration for such conveyance, immediately received shares of the capital stock of said company in proportion to their original rights to the waters of Dunsmore Canyon which had theretofore been conveyed to them

as an appurtenance to their lands, there being issued to Mrs. Leenhouts the ten shares of stock in controversy; that said Water Company is a mutual water company, and, without payment of dividends or profits, distributes the waters to its stockholders in proportion to the number of shares possessed by each; that defendant Garland acquired title to said lot 1, block K, by purchase at a sale duly made upon the foreclosure of a mortgage executed by Mrs. Leenhouts as owner, whereby she mortgaged to him said lot, consisting of ten acres of land, "together with all and singular the . . . water and water rights, pipes, flumes and ditches thereunto belonging"; that at the time of the execution of said mortgage and the sale so made under foreclosure, followed by the execution of the deed to said property, the ten shares of stock in question stood upon the books of· said company in the name of Mrs. Leenhouts, and no mention of the stock as such was made in the mortgage and no transfer or delivery thereof was made to the mortgagee. In an action brought against Mrs. Leenhouts by plaintiff, it caused the stock of which she, as shown by the stock books of said company, appeared to be the unconditioned owner, to be attached, and upon judgment being obtained, purchased the shares at sale under an execution issued upon said judgment, all of which acts were had and taken without notice to plaintiff that anyone other than Mrs. Leenhouts had any claim, right or title to the stock. As ultimate facts the court found: "That at the time of the execution and delivery of said mortgage to the said William Garland, all right of Mrs. John Leenhouts to receive water from the said Dunsmore Canyon Water Company was a right appurtenant to the aforesaid lot 1 in block K of the Crescenta-Canada Tract, and formed a part of the property mortgaged at said time to the said defendant William Garland; and that the said William Garland . . . is now, and has been at all times since, the owner and holder of said lot . . . together with all water rights, pipe-lines and appurtenances thereunto belonging, or in anywise appertaining"; and that "said William Garland is the owner and holder of, and entitled to the possession of, the aforesaid ten shares of the capital stock of the Dunsmore Canyon Water Company, standing in the name of the defendant Mrs. John Leenhouts, and all of the right, title, and interest of the said Mrs. John Leenhouts

therein and thereto, and is entitled to have the said stock transferred upon the books of said corporation into his own name." And, further, "that the said William Garland is the only person who has any right, title, or interest in or to said ten shares of stock, and that the plaintiff has no right, title, or interest in or to said ten shares of stock, or any part thereof."

[1] Upon these facts appellant invokes the well-recognized rule that where one at a sale under execution and in the absence of facts shown which charge him with notice that another has an interest therein as owner or pledgee buys shares of corporate stock standing upon the books of a corporation in the name of the judgment debtor, he acquires absolute title thereto. (*Farmers' etc. Bank* v. *Wilson*, 58 Cal. 600; *Spreckels* v. *Nevada Bank*, 113 Cal. 272, [54 Am. St. Rep. 348, 33 L. R. A. 459, 45 Pac. 329]; *West Coast Safety Faucet Co.* v. *Wulff*, 133 Cal. 315, [85 Am. St. Rep. 171, 65 Pac. 622].) Conceding the general application of this rule to purchases of stock so made in a corporation conducted for profit and distributed to its shareholders as dividends, it is, both upon principle and authority, inapplicable to the facts found to exist in the instant case.

That prior to the formation of the Dunsmore Canyon Water Company Mrs. Leenhouts, by virtue of a deed of conveyance, was, as owner of the ten acre tract of land, entitled to 1/110ths of the flow of water in said Dunsmore Canyon as an appurtenance thereto, admits of no controversy, and appellant concedes that neither the deed nor the appurtenance would be the subject of a separate levy and sale, since the right to the water for use upon the land must, upon such facts, be deemed part of the real estate. This being true, how could the ownership be terminated or the appurtenance severed by the mere substitution of the stock for the deed as evidence of ownership? The right to the flow of water was in nowise changed and the use thereof was identically the same after the issuance of the stock as it was prior thereto. The corporation was not created for profit and to pay dividends to the stockholders, but solely and alone for the convenient and more economical management of a common source of water in the distribution of and from which, according to their respective rights, the owners of these several tracts of land were entitled to a supply of water

for use thereon. **[2]** While it is true that one owning a water right appurtenant to his land may, as held in *Gould v. Stafford,* 91 Cal. 146, [27 Pac. 543], convey it separate from the land and thus sever the connection, nevertheless the mere exchange of one muniment of title to the water right for another cannot be deemed a severance thereof from the land to which it was concededly appurtenant. As said in *Estate of Thomas,* 147 Cal. 236, [81 Pac. 539], where the facts were substantially the same as those here involved: "There was a formal conveyance of the legal title of the several water rights to the corporation, but simultaneously the grantors received certificates of stock which constituted them the beneficiaries of everything so conveyed in the proportion of their original interests. As stockholders they became entitled to receive their proportionate share of all that the company was authorized to divide. It had nothing but water to divide, and of that they received the same share and in the same manner and order in which they had received it before the conveyance. And the successive owners of the six acre tract applied it after the conveyance to that tract as they had done before. All that happened was that a right which they had held and exercised under one title before the conveyance was held and exercised under a (formally) different title afterward. There was in fact no moment of time when they lost the right to use the water, and there was no cessation of its use on the particular tract. Neither the corporation nor any other persons acquired any right to divert it to another use. And the question whether a water right is appurtenant to a particular tract does not depend in the least degree upon the source of title to the water right; it is made appurtenant to the land by use on the land for its benefit, and here the undisputed right of the Fullers and the decedent to receive eight hours' run of all the company's water out of every three hundred and sixty hours was made and continued appurtenant to the six acre tract by use on the land in the irrigation of trees that greatly increased its value, and would perish without it. In view of these facts it is clear that the water right remained appurtenant to the land, that it would have passed by conveyance of the land, and, if so, that it passed by the devise to respondent (Civ. Code, sec. 1311), and did not fall into the residue distributable to the appellant."

The water right in question evidenced by the stock was an appurtenance of the land. The deed followed the foreclosure of a mortgage duly recorded long before plaintiff attached the stock and wherein the owner of the land mortgaged the same, "together with all water rights, pipe-lines, ditches and appurtenances thereunto belonging." Hence, it follows that Garland acquired title to the water right, and his ownership thereof is in nowise affected by any omission as to delivery or transfer of the stock prior to plaintiff's levy and sale thereof made subsequent to the execution and recording of the mortgage.

[3] Moreover, section 324 of the Civil Code provides that a corporation organized for supplying water for irrigation purposes and domestic use may in its by-laws provide that such water shall only be sold and distributed to the owners of its capital stock, and that such stock shall be appurtenant to the lands, when described in the certificate issued therefor, provided such by-law be recorded in the office of the recorder of the county in which the lands are situated, and in such case the shares of stock so located on such land shall only be transferred therewith and pass as an appurtenance thereto. Now, while it appears the Dunsmore Canyon Water Company was a corporation of the description stated in said section, the record is silent as to whether it had complied with the provision in regard to adopting and causing to be recorded a by-law that the stock should be deemed appurtenant to the lands described in the certificate therefor. Nevertheless, conceding the ultimate finding, to the effect that Garland was the exclusive owner of the stock, depended solely upon a showing of compliance on the part of the corporation with the provision referred to, we must, in the absence of evidence to the contrary, or anything appearing in the probative findings which negatives such fact (and there is nothing), assume, if necessary in support of the judgment, that proof of compliance was in fact made and the court based its conclusion thereon. In *United States Film Co.* v. *United States Fidelity & Guaranty Co.,* 44 Cal. App. 227, 186 Pac. 364, this court said: "Where an appellant complains of errors committed by the trial court, it devolves upon him to produce a duly authenticated record affirmatively showing the alleged error; otherwise the court on appeal must, if under any circumstances the ruling could

be deemed correct, assume that such condition or circumstance was made to appear." To the same effect are: *Escondido High School Dist.* v. *Escondido Seminary*, 130 Cal. 128, [62 Pac. 401], and *Paine* v. *San Bernardino Valley Traction Co.*, 143 Cal. 654, [77 Pac. 659]. Hence, for this reason alone, it cannot be said upon the record that the court erred in making the finding of ultimate fact upon which the judgment rests. If such compliance was not shown, then, in order to avail itself of the point, appellant should have brought up a record disclosing the want thereof.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.