[L. A. No. 5665.   In Bank.—August 6, 1920.]

SECURITY COMMERCIAL AND SAVINGS BANK OF EL CENTRO et al., Respondents, v. IMPERIAL WATER COMPANY No. 1 et al., Appellants.

[1] Corporations — Purchase of Stock at Execution Sale — Lack of Notice of Assignment or Pledge—Rights of Purchaser.— One who purchases at execution sale shares of stock of a corporation, standing on the books of the corporation in the name of the judgment debtor, is entitled to have the certificate of such shares reissued to him as such purchaser, if at the time of the purchase he acts in good faith and without notice that the outstanding certificate has been assigned or pledged to some person other than the judgment debtor.

[2] Id.—Protection Against Purchaser at Execution Sale—Duty of Assignee or Pledgee.—In order that an assignee or pledgee of a certificate of stock may protect his rights, as against a purchaser at execution sale, he must cause a reissue to him of a certificate, or he must serve notice on the corporation that he holds the certificate as such assignee or pledgee.

[3] Id.—Recordation of Transfer of Land and Water Stock as Appurtenance—Lack of Constructive Notice to Purchaser at Execution Sale.—The record of a deed conveying land and water stock appurtenant thereto is not constructive notice to a purchaser of the stock at execution sale of a transfer of the stock, in the absence of any notice or knowledge that the company whose stock was sold was a water company organized to supply water within

the meaning of section 324 of the Civil Code, or that the stock represented water rights appurtenant to the land.

[4] ID.—WATER CORPORATION—COMPLIANCE WITH SECTION 324, CIVIL CODE—RIGHTS OF PURCHASER OF STOCK.—Where a water company provides in its by-laws that the water it is distributing shall be sold only to owners of its capital stock and that such stock shall be appurtenant to the lands described in the certificate of stock, and a certified copy of such by-laws has been recorded in the office of the county recorder in which the lands are situated, a purchaser of the stock without the land obtains by such purchase no title to the stock and no right to receive the water which the stock represents.

[5] CORPORATE STOCK—EXECUTION SALE—TITLE OF PURCHASER WITHOUT NOTICE OF UNREGISTERED TRANSFER.—The title of an assignee of corporate stock who does not have the transfer entered on the corporate books holds title thereto superior to the lien of an attachment upon the title of the assignor; but if there is an execution sale thereof pursuant to such attachment, the purchaser thereat, who buys without notice of the transfer, takes title superior to that of the assignee.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Reversed.

The facts are stated in the opinion of the court.

Conkling & Brown for Appellants.

Dan V. Noland for Respondents.

SHAW, J.—A rehearing from the district court of appeal was ordered in this cause for the purpose of correcting the form of the judgment of reversal so as to eliminate the direction to enter judgment in favor of the defendants Harris and Ferris. With the exception of the judgment we adopt the opinion of the district court of appeal as the opinion of this court, with the additions hereinafter stated. That opinion is as follows:

"The appeal here is on the judgment-roll alone. The facts were stipulated, and as so agreed to were by the court

1. Validity of pledge or other transfer of stock of corporation when not made in the books of company, as against attachments, executions, or subsequent transfers, notes, 21 **Ann. Cas.** 1394; 67 **L. R. A.** 656; 80 **L. R. A. (N. S.)** 996.

found to be true. So far as material here, the facts stipulated and found by the court to be true are as follows:

" 'It is stipulated that on the 24th day of September, 1912, and thereafter until a transfer, as shown by the admitted facts herein, Harry Vanden Heuvel was the owner of 67 shares of the capital stock of Imperial Water Company No. 1, the same being represented by certificate No. 5667, and that at the same time he was also the owner of Tracts 123 and 126 in Township 15 South, Range 13 East, S. B. M., and that the said certificate of stock had written thereon the statement that it was located upon the said tracts of land.

" 'That on the 24th day of September, 1912, the said Harry Vanden Heuvel made, executed and delivered to S. E. Baker his note and mortgage, wherein and whereby he mortgaged to the said S. E. Baker the said tracts of land, and both of them, and that his said mortgage further described as a part of the property attempted to be mortgaged thereby, certain shares of stock, the same being described in said mortgage as "Together with 62 shares of the capital stock of Imperial Water Company No. 1, located upon and appurtenant to said tracts."

" 'That thereafter, to wit: on the 30th day of November, 1912, and until the assignment of his rights to the substituted plaintiff herein (Baker), has held the said stock certificate No. 5667 in his possession as collateral security, and in connection with the said mortgage, and that the substituted plaintiff now holds the certificate of stock in his possession.

" 'That on the 29th day of June, 1914, said Harry Vanden Heuvel, for a valuable consideration, sold and conveyed all of his right, title and interest in and to said Tract 123 to E. M. Vanden Heuvel, and that his deed of conveyance also described as property conveyed thereunder certain property described as "together with all improvements and water stock appurtenant to and now located thereon."

" 'That on the 29th day of June, 1914, the said Harry Vanden Heuvel, for a valuable consideration, sold and conveyed to June Vanden Heuvel all his right, title and interest in and to Tract 126 in said township, and that the deed of conveyance described as being conveyed therewith the capital stock

of Imperial Water Company No. 1 appurtenant thereto and located thereon.

" 'That the said deeds were duly recorded on the 29th day of June, 1914.

" 'That the said E. M. Vanden Heuvel and June Vanden Heuvel and the substituted plaintiff, are still the owners of the legal title to said Tracts 123 and 126, and they are also the owners of said certificate of stock, unless the ownership of said stock has passed to the defendants by virtue of the facts herein admitted and proven.

" 'That prior to the 30th day of April, 1915, one F. B. Ferris, commenced an action against the said Harry Vanden Heuvel in the Justice Court of El Centro Township, for the recovery of $105.00 and costs of suit; that summons was duly issued, and thereafter such proceedings were had that a writ of attachment was regularly issued out of said Justice's Court directed to the sheriff, or any constable of said county, requiring him to attach sufficient property of the said Harry Vanden Heuvel to secure the claim of F. B. Ferris; that under and by virtue of said writ of attachment, C. C. Toney, constable of said township, served the said writ upon Imperial Water Company No. 1 by delivering to the said Imperial Water Company No. 1 a copy of the said writ, together with the notice that the aforesaid stock and all stock standing on the books of said company in the name of Harry Vanden Heuvel was attached by virtue of the said writ of attachment.

" 'That thereafter such proceedings were had in such cause in the said Justice Court, and prior to the 20th day of May, 1915, judgment was duly entered in said Justice Court in said cause in favor of F. B. Ferris and against Harry Vanden Heuvel for the sum of $113.00.

" 'That thereafter writ of execution against the property of said Harry Vanden Heuvel was placed in the hands of J. J. Robertson, constable of said Imperial Township, for service.

" 'That thereafter the said constable levied upon the said 60 shares of stock in Imperial Water Company No. 1 under said writ.

" 'That at the time of the levy of the said writ as aforesaid, and at the time of the sale thereunder, as hereinbefore set out, the said certificate No. 5667 stood of record on the

books of said corporation, Imperial Water Company No. 1, in the name of said Harry Vanden Heuvel.

" 'That it appeared from the books of the said company that the said Harry Vanden Heuvel was the owner of 60 shares of the stock represented by the said certificate, seven shares out of said certificate having been theretofore sold by the said company for non-payment of assessments.

" 'That thereafter, on the 27th day of May, 1916, after the notice required by law, the said constable, acting under the purported authority of the said writ, made the purported sale of the said 60 shares of the capital stock of the said Imperial Water Company No. 1 so represented by the said certificate No. 5667, and so appearing to be owned by the said Harry Vanden Heuvel on the books of said company, it being admitted that the said sale was regular only to the extent that the facts herein admitted or proven, show otherwise.

" 'That neither of the plaintiffs in this action, nor the substituted plaintiff, nor the said Harry Vanden Heuvel, ever knew until long after the said sale that any such sale had been made, or that any attachment had been levied upon the said stock.

" 'That at the said sale F. T. Harris became the purchaser of the 60 shares of stock aforesaid, and at said sale he was the highest and best bidder for said stock, and said constable sold the said stock to the said Harris for the sum of $113.00, and thereupon issued and delivered to said Harris his constable's certificate of sale setting out the sale of the shares of stock to said defendant Harris, as aforesaid.

" 'That thereupon the said defendant, Harris, presented the said Constable's Certificate of sale to Imperial Water Company No. 1 and demanded the transfer of the said 60 shares of stock to the said defendant and that certificates therefor be issued to the said defendant Harris; thereupon, said Imperial Water Company No. 1 accepted the said Constable's Certificate of Sale as evidence of the transfer of said shares of stock theretofore represented by stock certificate No. 5667, and cancelled the said certificate of stock No. 5667 upon their books, so far as was in their legal power to do so, and issued in lieu thereof to the said defendant, F. T. Harris, certificates for 60 shares of the capital stock of Imperial Water Company No. 1, to wit:

one certificate No. 7950 for 32 shares, and one certificate No. 7951 for 28 shares, and the said two certificates under the seal of said corporation were delivered to said F. T. Harris, on the notation made upon the books of said corporation by its secretary to the effect that the certificate No. 5667 had been cancelled by the re-issue of the said certificates No. 7950 and No. 7951.

" 'It is stipulated that M. W. Conkling acted for F. T. Harris in purchasing said stock and paid the cash to the constable at said sale for F. T. Harris, and that he did not know, nor did he or they, or either of them, make any inquiry to ascertain, at the time, or at any time, before the actual delivery of the certificates of stock to Harris, that either the substituted plaintiff, or any of the plaintiffs, had already claimed any interest in the stock, or had any pledge thereof, and that he had no knowledge concerning the ownership of said stock except what appeared upon the books of the said corporation.

" 'That said M. W. Conkling was also acting as attorney for the plaintiff, F. B. Ferris, in the action in the Justice's Court, out of which the execution was issued, under which the attempted sale was made.

" 'And thereupon evidence was introduced as to the other issues not covered by the said stipulation, and from such evidence the court finds:

" 'That at the said constable's sale mentioned in the said stipulation the said F. T. Harris purchased the said stock in good faith and without any notice or knowledge of the rights or claims of the plaintiffs, or any of them, and without any notice or knowledge of the fact that the said certificate of stock had been transferred, or any thereof, had been transferred to June Vanden Heuvel or E. M. Vanden Heuvel, other than such notice as was imparted by the recording of the deeds to June Vanden Heuvel and E. M. Vanden Heuvel as mentioned in said stipulation, and without any notice or knowledge that the said stock, or any thereof, had been pledged to the plaintiff S. E. Baker, and that he paid the said constable therefor the sum of $113.00; and that the reasonable market value of the stock at the time was $600.00.

" 'That after the issue of said Imperial Water Company No. 1 of this certificate No. 7950 and certificate No. 7951, as stipulated herein, the said F. T. Harris, for a valuable

consideration, endorsed, transferred and sold the said Certificate No. 7951 for 28 shares to F. B. Ferris. That at the time the said F. B. Ferris purchased the said certificate from the said F. T. Harris he, the said F. B. Ferris, had notice and knowledge of the fact that prior to the said constable's sale and prior to the levy upon the said stock as stated in the said stipulation the said Harry Vanden Heuvel had sold and transferred his original certificate of stock No. 5667, mentioned in the foregoing stipulation, and that he was not at that time the owner thereof.'

"On these findings the court entered judgment as follows: 'It is ordered, adjudged and decreed that said plaintiffs E. M. Vanden Heuvel and June Vanden Heuvel have and recover judgment against said defendant as follows: (1) That Certificates Numbers 7950 and 7951, issued by Imperial Water Company No. 1 be delivered to said company for cancellation, and that said company be, and they are hereby required to cancel said certificates and re-issue to said plaintiffs E. M. Vanden Heuvel and June Vanden Heuvel a new certificate for sixty shares of the capital stock of Imperial Water Company No. 1 in the name of the Security Commercial and Savings Bank as pledgee for the said E. M. Vanden Heuvel and June Vanden Heuvel.'

"Appellants contend that upon the facts found the judgment should have been for the defendants, Harris and Ferris; and with this contention, we think, the authorities are in full accord. [1] One who purchases at execution sale shares of stock of a corporation, standing on the books of the corporation in the name of the judgment debtor, is entitled to have the certificate of such shares reissued to him as such purchaser, if at the time of the purchase he acts in good faith and without notice that the outstanding certificate has been assigned or pledged to some person other than the judgment debtor. [2] In order that an assignee or pledgee of a certificate may protect his rights, as against a purchaser at execution sale, he must cause a reissue to him of a certificate, or he must serve notice on the corporation that he holds the certificate as such assignee or pledgee. (*West Coast etc. Co.* v. *Wulff,* 133 Cal. 315, [85 Am. St. Rep. 171, 65 Pac. 622] ; *Naglee* v. *Pacific Wharf Co.,* 20 Cal. 530; *Farmers' etc. Bank* v. *Wilson,* 58 Cal. 600; *Spreckels* v. *Nevada Bank,* 113 Cal. 272, [54 Am. St. Rep. 348, 33

L. R. A. 459, 45 Pac. 329]; *Hall* v. *Cayot,* 141 Cal. 13, [74 Pac. 299]; *National Bank* v. *Western Pac. Ry. Co.,* 157 Cal. 573, [27 L. R. A. (N. S.) 987, 21 Ann. Cas. 1391, 108 Pac. 676]; *American Trust etc. Co.* v. *Union Security Co.* (Cal. App.), 184 Pac. 508; *Bleakley* v. *Candler,* 169 N. C. 16, [Ann. Cas. 1917A, 425, 84 S. E. 1039]; *Stowe* v. *Harvey,* 241 U. S. 199, [66 L. Ed. 953, 36 Sup. Ct. Rep. 541]. See, also, notes to *Mapleton Bank* v. *Standrof,* 67 L. R. A. 656, and *Everitt* v. *Farmers' & M. Bank,* 20 L. R. A. (N. S.) 996.) It having been stipulated, and the court having found as a fact, that 'F. T. Harris purchased the said stock in good faith and without any notice or knowledge of the rights or claims of the plaintiffs, or any of them, and without any knowledge of the fact that the said certificate of stock had been transferred,' etc., there can be no escape, we think, under our law and the authorities in this state, from the conclusion we have reached.

"Neither the findings nor the stipulation upon which the findings are based contain any direct statement that the shares represent any water right or rights appurtenant to the tracts 123 and 126. Nor do the findings show that Imperial Water Company No. 1 is a corporation organized for and engaged in the business of selling, distributing, supplying or delivering water for irrigation purposes or for domestic use, within the meaning of section 324 of the Civil Code. For these reasons it cannot successfully be claimed that the deeds from Harry Vanden Heuvel to E. M. Vanden Heuvel and June Vanden Heuvel transferred water rights that are simply evidenced by the stock certificates. **[3]** For the same reason it cannot be claimed that the recordation of the deeds gave notice to subsequent purchasers of the stock that all the rights and interests represented by the stock had been transferred to the grantees named in the deeds. In short, for the reasons stated, the stock cannot be treated otherwise than as stock issued by any ordinary commercial corporation.

"For the foregoing reasons we think it was error, prejudicial to the rights of appellants, to enter the judgment appealed from, as it is clear from the record here that, as a matter of law, these appellants were entitled to have judgment entered in their favor."

For the information of the lower court and the parties on questions that may arise upon a new trial, we think it necessary to add some further observations. The findings of the court, including the stipulation between the parties as to the facts, indicate the probability that Imperial Water Company No. 1 had provided in its by-laws that the water it was distributing should only be "sold, distributed, supplied, or delivered to owners of its capital stock and that such stock shall be appurtenant to" the lands described in the certificate issued therefor, and that a certified copy of such by-laws had been recorded in the office of the county recorder in the county where the lands are now, or were then, situated, as provided in section 324 of the Civil Code as amended in 1895. (Stats. 1895, p. 118.) If these be the facts, then under that section the shares of stock can be transferred only with the lands and can pass as an appurtenance thereto, and not otherwise. **[4]** The result would be that a purchaser of the stock, without the land, would obtain by such purchase no title to the stock and no right to receive the water which the stock represents. Possibly the same results would follow from the by-laws and certificates, even if the copy of by-laws was not recorded. (*Riverside Land Co.* v. *Jarvis,* 174 Cal. 328, [163 Pac. 54]; *Estate of Thomas,* 147 Cal. 243, [81 Pac. 539]; *Thayer* v. *California D. Co.,* 164 Cal. 136, [128 Pac. 21].) But as to this we express no opinion. Under these circumstances, we think the proper course to pursue is to reverse the judgment without directions to enter judgment for defendants so that the complaint may be amended, if necessary, to show the true character of said stock and the existing facts regarding the by-laws of the corporation as above indicated.

It may be further noted that counsel for the plaintiffs appear to have misunderstood the opinion of this court in *National Bank of the Pacific* v. *Western Pacific etc. Co.,* 157 Cal. 573, [21 Ann. Cas. 1391, 27 L. R. A. (N. S.) 987, 108 Pac. 676]. Briefs recently filed in this court indicate that other attorneys also misunderstood it. That case was dealing only with the lien of an attachment levied upon the stock and with the rights of the parties in the stock prior to any sale thereof under the attachment. It holds that the assignee of corporate stock who fails to obtain a transfer of his assignment on the books of the corporation holds title

paramount to the lien of an attachment subsequently levied thereon in an action against his assignor. [5] But it does not hold, and it is not the law, that such assignee holds title paramount to one who, in good faith, without notice, purchases the stock on an attachment or execution sale, prior to the transfer of the assignment on the books of the company. Such purchaser, if he buys without notice of an unregistered transfer to another, takes title superior to that of such transferee, provided he pays value for the stock.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

Olney, J., Wilbur, J., Angellotti, C. J., Lawlor, J., and Lennon, J., concurred.