[Civ. No. 10441. Second Appellate District, Division One.—December 19, 1935.]

MERL R. CLARK, Respondent, v. WESTERN FEEDING CO. (a Corporation) et al., Appellants.

R. D. McLaughlin and Walter L. Jenkins for Appellants.

Bernard Potter, Donald M. Keith and Gwartney & Gall for Respondent.

ROTH, J., *pro tem.*—Merl R. Clark, respondent herein, as plaintiff, brought this action to quiet his title to eighty-one shares of the stock of Western Feeding Company, a corporation, hereinafter referred to as "corporation", to compel said corporation to issue to him in his name a new certificate for shares of its stock in that number, and to cancel a certificate for said number of shares which had been issued by said corporation to defendant W. A. Teagarden.

Upon a judgment in favor of respondent against both defendants, the latter prosecute this appeal.

The evidence shows that a *bona fide* pledge of the stock in question was made by L. G. Clark, the original owner thereof, on January 10, 1933, to his brother Merl R. Clark, the respondent herein, as security for the payment of a promissory note, by delivery of the stock certificate duly endorsed by L. G. Clark. There is some controversy as to whether defendant corporation had notice of this transfer at any time before the accural of the claim of defendant Teagarden, but it is established without controversy that the stock was never transferred on the books of the corporation at any time. L. G. Clark defaulted in payment of the note for which he had pledged the certificate of stock as security, and a default having been declared by respondent, the stock pledged as security for the note was thereupon sold by respondent as a pledge on June 8, 1934, and purchased by respondent on that date at the pledge sale. On May 17, 1934, pursuant to a writ of execution issued by the Superior Court of Los Angeles County, the sheriff thereof served defendant corporation, and levied upon the stock of L. G. Clark which still stood in the name of L. G. Clark on the books of the corporation. The stock was sold at execution sale and purchased by defendant Teagarden. Thereafter, the corporation issued to Teagarden a new certificate for the eighty-one shares.

The primary question presented on the appeal is whether the assignment accompanied by the physical delivery of the duly endorsed certificate of stock for value as a pledge to respondent takes priority over the title to said stock acquired by Teagarden, by virtue of his purchase thereof at the execution sale.

Prior to the adoption of the Uniform Stock Transfer Act in 1931, section 324. of the Civil Code provided in part, with reference to the relative rights of parties growing out of facts such as have been here detailed, that, " . . . such transfer is not valid, except as to the parties thereto, until the same is so entered upon the books of the corporation as to show the names of the parties by whom and to whom transferred, the number of the certificate, the number or designation of the shares, and the date of the transfer; . . . " Under the law prior to 1931, if the pledgee or as-

signee did not cause the certificate to be reissued or serve notice on the corporation that it held, as assignee or pledgee, the purchaser at an execution sale would prevail over the claim of such pledgee or assignee. (*Security Commercial & Sav. Bank* v. *Imperial Water Co. No. 1*, 183 Cal. 488 [192 Pac. 22]; *West Coast etc. Co.* v. *Wulff*, 133 Cal. 315 [65 Pac. 622, 85 Am. St. Rep. 171].) Under the Uniform Stock Transfer Act of 1931, section 330.1 et seq. of the Civil Code, there is no requirement for the issuance of a new certificate or of notice to the corporation. The transfer of stock is protected without compliance with the provisions of the old law, except if dividends declared by the corporation are paid to the book owner of the stock. (Ballentine's Corporation Law, 1932, sec. 207, p. 255; 17 Cal. Law Review, 403; 6A Cal. Jur. 374, p. 668; *Bay City Bank* v. *St. Louis Motor Sales Co.*, 255 Mich. 261 [238 N. W. 241]; *Connolly* v. *People's State Bank*, 206 Mich. 352 [244 N. W. 500].)

It is said in Ballentine's Corporation Law, 1932, section 207, page 255: "The delivery of the endorsed certificate to the pledgee is all that is needed to protect the pledgee against assignments, attachments, subsequent liens or any kind of adverse claim. The pledgee does not have to notify the corporation of the existence of the pledge in order to protect himself. As a matter of precaution, however, the pledgee would do well to notify the corporation with a request that he be notified of any attachments or notices of any other kind of adverse claim which may be brought home to the corporation.

"It is ordinarily preferable that pledged shares remain registered on the books of the corporation in the name of the owner, the pledgor, in order that he may retain the voting power, the right to dividends and be liable for assessments, if any. The law does not provide for the registration of a pledge as such."

Defendants also complain that the stock in question was not properly endorsed by L. G. Clark to respondent. The stock, it appears, was issued to Dr. Lawrence G. Clark. It was endorsed by him as L. G. Clark. There is no claim that L. G. Clark is not the same person as Dr. Lawrence G. Clark. The endorsement is sufficient. (*Ferguson* v. *Smith*, 10 Kan. 396; *Northern Pac. Ry.* v. *Frank Waterhouse & Co.*, 279 Fed. 750.)

██ It is also urged that the trial court failed to find on certain allegations of the pleadings. The court did, however, upon sufficient evidence, find on all the material allegations and its failure to find on immaterial allegations is of no moment. (*Hertel* v. *Emireck*, 178 Cal. 534 [174 Pac. 30]; *Platnauer* v. *Forni*, 131 Cal. App. 393 [21 Pac. (2d) 638].) The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 17, 1936.