[No. 3321. Decided January 2, 1900.]

GILBERT RICHARDSON, *Appellant,* v. W. H. SPANGLE, *Respondent.*

DISMISSAL OF APPEAL—FAILURE TO TRANSMIT RECORD.

A plaintiff is excusable for not having the record on appeal transmitted to the supreme court within four months after judgment, when it appears that the trial court did not sign and settle the statement of facts filed by him for a period of sixty days, that the court extended the time for serving appellant's brief for a period of ninety days, that by a rule of the superior court it is made the duty of the clerk to not forward the statement of facts to the supreme court until the time for filing respondent's brief has elapsed, and that the whole record had been transmitted

prior to the expiration of the extension of time granted by the trial court.

TRIAL—CROSS-EXAMINATION OF WITNESS.

In an action to recover damages on the ground of malicious prosecution, where the justice of the peace before whom the prosecution was instituted has been called by plaintiff as a witness merely to identify certain papers and docket entries made in his court upon the sworn complaint of defendant, it is error to permit the justice to testify on cross-examination that the defendant had asked for a writ of replevin in his court and that the criminal complaint had been instituted upon the suggestion of the justice.

TRIAL—QUESTION FOR JURY—SUFFICIENCY OF EVIDENCE.

The action of the court in directing judgment in defendant's favor in an action to recover damages for malicious prosecution is erroneous, when there is evidence tending to show that defendant had intrusted a mare to plaintiff under an agreement which entitled the plaintiff to retain possession until the fall of the year; that defendant had plaintiff arrested in July on a charge of grand larceny and that defendant had informed a witness, prior to making the charge, that he was about to have plaintiff arrested for stealing his mare.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Reversed.

*Norman Buck* and *James Hopkins,* for appellant.

*James Dawson* and *Hyde, Latimer & Barnes,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—This was an action to recover damages for malicious prosecution. At the close of plaintiff's evidence the lower court, upon defendant's motion, discharged the jury and directed judgment for the defendant. The plaintiff has appealed. The judgment was entered on the 23d of January, 1899. On June 24, 1899, respondent served and filed a motion to dismiss the appeal because the record had not been transmitted to this court within four months, as required by law. It appears that appellant

ʿduly filed and served a proposed statement of facts, which was retained by the trial court for a period of about sixty days, and then signed and settled as the statement of facts in the cause. The trial court also extended the time for serving and filing the appellant's brief for a period of ninety days, which period did not expire until the eighth of August, 1899. Prior to the expiration of this last mentioned date, the briefs were served and the record sent up. By affidavit it is made to appear that rule 13, subd. "D" of the superior court rules requires the clerk of that court, in all cases appealed to the supreme court, to retain, and "not forward the statement of facts therein to the clerk of the supreme court, until the time for filing the respondent's brief has elapsed, except by consent in writing of respondent's counsel." We think the showing made by appellant is sufficient, and that the motion to dismiss must be denied.

Proceeding to a consideration of the merits:

1. At the trial one E. M. Woydt, a justice of the peace of Spokane county, was called and examined as a witness upon the part of the plaintiff. Upon his direct examination he was only called upon to identify certain papers and docket entries in a criminal proceeding instituted in his court upon the sworn complaint of the defendant in this action, which complaint charged the plaintiff herein with the crime of grand larceny. Upon cross-examination, over the objection of the plaintiff, the superior court permitted the justice to testify that the complaining witness therein (respondent here) asked for a writ of replevin, and instituted the criminal complaint upon the suggestion of the justice. We think that the cross-examination was clearly improper; that the matter elicited more properly belonged to the defendant's case, and was not warranted by anything elicited from the witness upon the direct examination. While a great deal must be left to the discretion of the trial judge in determining the extent to which a witness may be

examined and cross-examined, still where, as here, the cross-examination was not only improper, but the testimony elicited was thereafter made the basis of the court's judgment, it must be regarded as something more than harmless error merely.

2. There was sufficient evidence to require the submission of the cause to the jury. The testimony of the plaintiff, if believed by the jury, showed that the respondent had intrusted a mare to the plaintiff under an agreement which entitled the plaintiff to retain possession until the fall of that year; that the arrest upon the criminal charge was made in July, and at a time when plaintiff was entitled to the possession of the animal. Another witness testified that, prior to going to the justice, the defendant informed witness that he was about to have plaintiff arrested for stealing his mare. Conceding that in actions of this character both malice and a want of probable cause must be shown to entitle plaintiff to recover, we think that the evidence in this case was such as to entitle the plaintiff to have it submitted to the jury.

The judgment will be reversed, and the cause remanded for further proceedings.

DUNBAR, REAVIS and FULLERTON, JJ., concur.