[Civ. No. 5308. First Appellate District, Division One.—March 25, 1927.]

## PALO VERDE LAND & WATER COMPANY (a Corporation), Respondent, v. WILLIAM B. EDWARDS et al., Appellants.

[1] WATER COMPANIES—STOCK—APPURTENANCES—ARTICLES OF INCORPORATION—CONSTRUCTION—PLEDGES.—Provisions in the articles of incorporation of a water company that "water shall be distributed and sold upon and to only such of said lands upon which stock of the corporation shall have been located" and that "such stock shall be located only upon land owned by, or the ownership of which is claimed by, the person desiring to purchase said stock," do not render (there being no provision in the by-laws to the effect that the water stock shall be appurtenant to the land) said stock appurtenant to the land, but such stock is personal property and capable of being the subject of pledge.

[2] ID.—SECTION 324, CIVIL CODE—CONSTRUCTION OF.—Section 324 of the Civil Code predicates the attributes of personal property to shares of stock in a water company, and that such shares remain personal property unless the corporation shall adopt and record in the office of the county recorder a by-law that the stock shall be appurtenant to the land.

[3] ID.—STOCK—APPURTENANCES—ARTICLES OF INCORPORATION.—The provision in the articles of incorporation of such water company that the stock "shall be located only upon lands owned by, or the ownership of which is claimed by, the person desiring to purchase said stock," shows the intention on the part of the corporation and the stockholders to be that the stock might be located upon land not owned by the purchaser and therefore not appurtenant

---

1. See 6 Cal. Jur. 813; 26 Cal. Jur. 451.
2. See 6 Cal. Jur. 813; 26 Cal. Jur. 451.

to the land and not to pass with a conveyance of it by virtue of a deed, and especially so when the stock was not originally paid for by the party claiming ownership nor by the party adjudged subsequently to be the owner.

(1) 40 **Cyc.**, p. 833, n. 29.   (3) 40 **Cyc.**, p. 833, n. 28.

APPEAL from a judgment of the Superior Court of Riverside County. William H. Ellis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lee R. Taylor for Appellants.

Durley & Downes for Respondent.

CAMPBELL, J., *pro tem.*—This is an appeal from a judgment in favor of respondent quieting its title to eighty shares of the capital stock of Palo Verde Mutual Water Company, a corporation, and from an order overruling defendant's demurrer.

Plaintiff pleaded and proved that in December, 1913, it sold to P. H. Bodkin, who was at the time possessed of and claimed title to the west half of the northeast quarter of section eleven, township seven south, range twenty-two east, S. B. B. & M., in Riverside, California, the eighty shares of stock, the title to which is in question, and that such stock was at the same time located on said land. It further appears that coincident with the sale of the shares of stock to P. H. Bodkin the same were by him pledged to plaintiff for a balance of the purchase price thereof, and in addition thereto and at the same time P. H. Bodkin and Bella E. Bodkin, his wife, executed a mortgage of the described premises and delivered it to respondent to secure respondent against loss of the purchase price of the stock; that on July 28, 1921, there remained unpaid and due one thousand dollars of such purchase price, together with interest; that Bodkin and his wife being in default, respondent proceeded to sell the stock under its pledge agreement with the Bodkins; that at the sale respondent purchased the eighty shares of stock and claims title thereto. It is the title to this stock thus acquired by respondent that it asked the court to quiet against any claim or claims of the appellants.

The appellants pleaded and proved that at the time of the sale of the stock by respondent under its pledge agreement with the Bodkins and at the time of the commencement of the action appellant William B. Edwards was the owner of the land upon which the eighty shares of stock had been located.

Appellants urge four points on appeal: First, that the court erred when it overruled the demurrer of defendants to plaintiff's complaint; second, that the court erred in rendering judgment in favor of plaintiff based upon the findings of fact and conclusions of law in this matter; third, that the court erred in finding and deciding that the eighty shares of stock in question were never made appurtenant to the land, and fourth, that the court erred in deciding that plaintiff, by the purchase of said stock at the pledgee's sale thereof, became and remained after the pledgee's sale the owner of the same.

[1] If the eighty shares of the capital stock of the Palo Verde Mutual Water Company, represented by its certificate No. 570, became appurtenant to the land described in the certificate, then under sections 2896 et seq. of the Civil Code a pledge of the stock together with the rights, privileges, and benefits incident thereto bestowed upon the land is ineffective, as a sale of the real property, or an appurtenant thereto under a purported pledge agreement would be void and pass no title to the property involved. The decision of this question—that is, are the eighty shares of stock appurtenant to the land or are they personal property—is determinative of all the questions raised by appellant on this appeal. If the shares of stock are appurtenant to the land, the judgment must be reversed, but if not, no reversible error appears in the record and the judgment must be affirmed.

The articles of incorporation and the by-laws of Palo Verde Mutual Water Company, in so far as they pertain to the issue here presented, are as follows: ''That the purposes for which it is formed are to acquire by appropriation, purchase or otherwise, water and water rights, . . . to distribute and sell said water at the cost thereof to the stockholders of the corporation only, for use upon the lands within the district and territory hereinafter described, . . . that such stock shall be located only upon land owned by, or the ownership

of which is claimed by, the person desiring to purchase said stock; and provided, also, that when stock of the corporation is located upon a tract of land one share shall be issued and so located for each acre thereof," etc.

Article XV of the by-laws provides: "Certificates of stock shall be in such form and device as the board of directors shall direct . . . and each certificate . . . express on its face its number, date of issuance and number of shares for which, and the person to whom it is issued, and the particular description of the land on which the shares are located. The certificate book shall contain a margin on which shall be entered the number, date, number of shares and the name of the person expressed in the corresponding certificate and a particular description of the land on which the shares are located."

Article XVI of the by-laws provides: "No transfer of stock shall be valid until the surrender of the old certificate and the acknowledgment of such surrender on the books of the corporation."

The certificate of stock pledged to respondent certifies "that Palo Verde Land and Water Company, as pledgee for P. H. Bodkin, is entitled to eighty shares of the capital stock of Palo Verde Mutual Water Company, transferable on the books of the company by endorsement hereon and surrender of this certificate and on purchase by the transferee of the land covered by this certificate. The land covered by this certificate and upon which said stock is located is described as follows" (description of land).

"Each holder of this certificate must own or claim the ownership of the above described land."

P. H. Bodkin had not paid for this stock and assigned it as security for the purchase price, and the defendants had paid nothing for the stock.

On December 31, 1913, P. H. Bodkin was in possession of the land claiming to own it and defendants out of possession claimed ownership and were subsequently adjudged to be the owners and were put into possession of the lands.

At the time of the purchase of the eighty shares of stock on installments, P. H. Bodkin and Bella E. Bodkin, his wife, executed a written pledge as follows:

"And I hereby pledge to and deposit with said Palo Verde Land and Water Company 80 shares of the Capital

stock of Palo Verde Mutual Water Company, a corporation, evidenced by Certificate No. 570, as collateral security for the payment of this or any other liability or liabilities of the undersigned to said Palo Verde Land and Water Company, due or to become due, or that may be hereafter contracted.

"In the event of the non-payment of any of said installments of principal or interest when due, the holder of this note may, at his or its option, declare all of said installments immediately due and payable, and may sell said stock (or so much thereof as may be necessary to raise the amount unpaid hereunder and the expenses of sale), at the principal place of business of said Palo Verde Mutual Water Company, provided that notice of such sale shall be given by publication in a daily newspaper published in Riverside County, California, for at least ten consecutive publications before said sale . . . and it is agreed that the holder of this note may become the purchaser of said stock, or any portion thereof, at such sale. This note is also secured by mortgage of even date herewith."

The expression contained in the articles of incorporation "that such stock shall be *located only upon land* owned by, or the ownership of which is claimed by, the person desiring to purchase said stock" forms the basis for the claim by appellant that the shares of stock in question are appurtenant to the land and are therefore real and not personal property.

Section 324 of the Civil Code provides that shares of the capital stock of a corporation are *personal property,* but contains a proviso that a corporation organized for, or engaged in the business of selling, distributing, or supplying water for irrigation purposes or for domestic use, may *in its by-laws provide* that water shall only be sold, etc., to the owners of its capital stock, and that such stock shall be *appurtenant to certain lands* when they are described in the certificates isued therefor; and when such certificates shall be so issued and a certified copy of such by-laws recorded in the office of the county recorder in the county where such lands are situated, the shares of stock so located on any land shall only be transferred with said land, and shall pass as an appurtenance thereto.

[2] Section 324 of the Civil Code predicates the attributes of personal property to shares of stock in a water company, and that such shares remain personal property unless the corporation shall adopt and record in the office of the county recorder a by-law that the stock shall be appurtenant to the land. It would seem, therefore, that unless such a by-law be adopted the stock must remain personal property and not become appurtenant to the land. In *Security Commercial Savings Bank of El Centro* v. *Imperial Water Co.*, 183 Cal. 488 [192 Pac. 22], the court intimates that stock might become appurtenant to the land without recording the by-law, but did not expressly so hold. It did not, however, intimate that stock might become appurtenant to the land without the adoption of a by-law to that effect. There is no provision in the by-laws to the effect that the water stock shall be appurtenant to the land, and, of course, there being no by-law to that effect none was or can be recorded. Nor is there any evidence in the record showing that the Water Company by its acts or practices held the water stock to be appurtenant to the land upon which it is located. On the contrary, it is the uncontradicted evidence of Mr. P. R. Asmussen, auditor and assistant secretary of the company, that the company did not require evidence of title to the land in making a transfer of the stock. The company transferred the stock upon surrender of properly indorsed certificates of stock, and in making transfers of stock it was not the policy or practice of the company to require evidences of transfers of the lands to the parties to whom the certificates were to be transferred. When a deed has been presented showing a transfer of the land, the company would not transfer the stock to the grantee in the deed but only upon surrender of the original stock certificate properly indorsed, and quite frequently stock has been moved from one location to another, with the consent of the board of directors, when the certificate of stock has been surrendered properly indorsed.

The question here presented is not unlike the one presented in *Spurgeon* v. *Santa Ana Valley Irr. Co.*, 120 Cal. 71 [39 L. R. A. 701, 52 Pac. 140], in which case the court makes a distinction between the issuing of stock and of delivering water. In construing the following provision in the articles

of incorporation of the water company—"It will deliver water to no one who has not purchased one share of the stock of the company for each acre or fractional part thereof of irrigable land owned by him along the canal of the company, and agreed with the company that said stock shall be transferable only with the land for which it is issued, and the water delivered shall be used only on the land for which it is issued"—the court says:

"The charter does not say that certificates of stock will not be issued until the subscriber or purchaser has agreed that it shall be transferable only with the land for which it is issued, etc. What it does say is that the company will deliver no water except upon the conditions named."

The provision of the articles of incorporation of Palo Verde Mutual Water Company in this case is very similar— "and said water shall be distributed and sold upon and to only such of said lands upon which stock of the corporation shall have been located."

In the Spurgeon case the court further says that the purchaser of shares of stock at a sale of delinquent stock for nonpayment of assessment might have the certificates for such shares issued to him without the special indorsement that the certificates should be "transferable on the books of the company . . . on purchase by the transferee of the land covered by this certificate," followed by a description of the land described in the original certificate for the stock sold at the sale, the court using this language: "If shares are issued to him without the special endorsement insisted upon in this case by the defendant, he is put upon the same footing with other shareholders, and that without any injury to the company or infringement of its by-laws. He is not by virtue of the mere issuance of the shares entitled to receive any water, and the company is not compelled to deliver any water at any time or place or in any manner inconsistent with its charter or rules. Like an original subscriber, he must become the owner of land within the district designated in the charter and in other respects conforming to its conditions. When he has acquired such land, he may then, with the consent of the company— which it would have no right unreasonably to withhold— have his shares ascribed to such land by endorsement on the certificate, or in any other convenient method.

"The company by its act in selling the delinquent stock, and the original holder by violation of the condition upon which he held it, have effectually severed the connection between the stock in question here and the land to which it was originally ascribed, and there is nothing in the charter or by-laws to prevent its assignment to other lands of like character within the proper district, as may be done in the analogous case expressly provided for in the charter. Until this is done it is no disadvantage to the corporation or its other stockholders that these shares should be held in a form that will enable the plaintiff to use them or transfer them. As they do not now and never can oblige the company to deliver water to the plaintiff or any assignee until they are ascribed to land of the requisite character, there is no reason why they should not be issued in a form admitting of their free assignment."

In the Spurgeon case there was a provision of the articles of incorporation that "the company will act only as an agency for delivering said water to said owners whose right to use the same is appurtenant to their said lands," and a provision of the by-laws that "shares of stock in this company shall not be transferable except with the land for which it is issued, and a conveyance of the land shall legalize a transfer of the stock to the purchaser."

There are no such provisions in the articles of incorporation or by-laws in the instant case. The only provisions to be considered here are in effect: That water shall be distributed only to lands upon which stock has been located; that stock shall be located only upon lands owned or claimed by the purchaser, and that the certificate shall contain a description of the land on which the shares are located.

There is certainly nothing in any of these provisions which would prevent the transfer of the water stock to other lands or which would give to the words "location" or "located" the meaning of "appurtenant," or which would give to the shares of stock the fixed character of real property, contrary to the general provision of the law defining the character of shares of stock of a corporation as personal property.

Appellants cite several cases as sustaining their position. The case of *Riverside Land Co.* v. *Jarvis,* 174 Cal. 316 [163

Pac. 64], is a case where the owner of certain shares of stock had them located upon the land owned by him and the by-laws of the company contained a provision that certificates of stock should be "transferable only with the land to which they are attached" and that the party asking a transfer of the stock should present to the secretary his conveyance of the land before the issuance of a new certificate. Furthermore, the water company had been organized by the persons who were at the time receiving and using water of the system on their lands. In that case the court held that the articles of incorporation, by-laws, and certificate taken together formed an agreement between the stockholders and the company that the stock should be transferable only with the land and conversely that a transfer of the land should pass to the grantee thereof the right to the stock.

The *Estate of Thomas,* 147 Cal. 236 [81 Pac. 538], holds that shares of stock of Trabuca Water Company passed by devise with six acres of land without specially mentioning the stock; that it was appurtenant to the land for the reason that the water right had been appurtenant to the land before the water company was formed, and that the company was formed for convenience only in distributing water; that section 324 of the Civil Code did not apply because the amendment to the act adopted in 1895 was not made until some three years after the water right had become appurtenant to the land. In a concurring opinion Mr. Justice McFarland uses this language: "Of course, ordinarily, a grant of land does not carry as appurtenant to the land certificates of stock in a corporation, but there is nothing in the leading opinion which disturbs that general rule."

In *Woodstone Marble & Tile Co.* v. *Dunsmore Canyon Water Co.,* 47 Cal. App. 72 [190 Pac. 213], the facts are very similar to *Riverside Land Co.* v. *Jarvis, supra.* . There it was conceded and held that the water rights had been appurtenant to the 'land before the water company was formed and the appurtenancy had not been changed by the organization of the company. In *Security etc. Bank* v. *Water Co., supra,* cited, the by-laws provided that water should be sold and distributed only to stockholders, and that the stock shall be appurtenant to the land and that a certified copy of the by-laws had been recorded, as provided by

section 324 of the Civil Code. In *Bent* v. *Second Extension Co.*, 51 Cal. App. 648 [197 Pac. 657], it was admitted that the stock was appurtenant to the land and that the provisions of section 324 of the Civil Code had been complied with.

The facts in the cases cited by appellant do not parallel the instant case. **[3]** Here the articles of incorporation provide that the stock "shall be located only upon lands owned by, *or the ownership of which is claimed by* the person desiring to purchase said stock." By this very language of the articles of incorporation it is specially provided that it is not necessary for the purchaser of the stock to own the land, but it is sufficient if he shall claim ownership. These words show the intention on the part of the corporation and the stockholders to be that the stock might be located upon land not owned by the purchaser and therefore not appurtenant to the land and not to pass with a conveyance of it by virtue of a deed, and especially so when the stock was not originally paid for by the party claiming ownership nor by the party subsequently adjudged to be the owner. The evidence shows also that a considerable part of the land within the water district when organized was government land, upon which settlers had made homestead or desert filings and to whom stock was issued upon their claim to the land. Upon their failure to secure patents to the land and the land reverting to the government, under the contention urged by appellant, the government would succeed to the stock as an appurtenance to the land.

Section 324 of the Civil Code, as amended in 1895, was in force at the time of the incorporation of the respondent company, it being incorporated in 1908, and it would seem that if it were the intention of the incorporators that the stock should be appurtenant to the land they would have so provided in their by-laws and complied with the section relative to recording and thus made the stock appurtenant to the land, which the trial court found not to be appurtenant, and which we think is the correct view.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.