[Civ. No. 2597.   Fourth Appellate District.—March 7, 1941.]

CRESCENT CANAL COMPANY (a Corporation), Appellant, v. KINGS COUNTY DEVELOPMENT COMPANY (a Corporation) et al., Respondents.

H. Scott Jacobs and Hayhurst & Gibson for Appellant.

Gregory, Hunt & Melvin and Wallace Sheehan for Respondents.

BARNARD, P. J.—The plaintiff has appealed from a judgment awarding the corporate defendant and cross-complainant, which will be referred to as the respondent, the right to its proportionate share of the water distributed by the plaintiff.

The appellant was organized under the laws of this state in 1885. Its purposes, as set forth in its articles, are to construct and operate canals; to acquire water rights; and to appropriate and divert water and distribute the same through its canals for agricultural and other purposes. Neither its articles nor its by-laws contain any provision restricting the use of such water to any specified land, nor does the form of stock certificate used contain any such restriction. The company has but one canal, known as the Crescent Canal, which takes out of the lower North Fork of the Kings River and runs in a northwesterly direction for some twenty miles. While the company had an authorized capital stock of 150 shares its supply of water has always been limited and no more than 40 shares were ever issued. Immediately upon its organization the appellant adopted the policy of distributing its available water to its stockholders in proportion to their holdings of stock. By common consent it was also understood that water should be delivered to stockholders on the basis of one share of stock to each 320 acres desired to be irrigated and owned by the respective stockholders. The water thus furnished has heretofore always been used in a certain general area, the maximum acreage which has been so irrigated being some 13,000 acres, the boundaries of which are not clearly described in the evidence. Of this land, about 1200 acres are on the southerly side of the Crescent Canal and the remainder on the northerly side.

Because the available water has been insufficient to meet the needs of its stockholders the appellant has refused to sell additional stock and, by common consent, the company and its stockholders have carried on the practice, where any stockholder did not use his water in a particular year, of redistributing that part of the water among the remaining stock-

holders. Also, where stock has been sold for delinquent assessments no effort has been made to sell or reissue the stock so retired. By reason of this fact the total issue of stock of the company has been reduced to 33 15/16th shares. It appears from the evidence that the right of the stockholders to water depends upon their ownership of stock, and that if assessments thereon are not paid the stock is sold to the company and thereafter the appellant is not required to deliver any water represented by that stock until and unless it is redeemed. It further appears that no land outside of the 13,000 acres above mentioned has heretofore been served with water from the Crescent Canal.

The respondent is the owner of a section of land on the southerly side of, and approximately one-half mile distant from, the Crescent Canal as it cuts through the adjoining section. This land has never been irrigated from the Crescent Canal. In the latter part of 1937 the respondent purchased 2¼ shares of the issued and outstanding stock of the appellant and shortly thereafter commenced the construction of a ditch for the purpose of obtaining and receiving its proportionate share of the water distributed by the appellant. This led to the filing of this action.

Among other things, the court found that for more than 50 years the appellant has diverted certain water from the lower North Fork of the Kings River whenever said amount was available; that during all of that time the water so appropriated has been supplied by the appellant to a large number of landowners who were and are its stockholders, and who have put said water to beneficial uses; that subject to this beneficial use the appellant is the owner in fee of the right to divert and distribute said water; that the appellant has never engaged in business for profit but has continuously delivered its water at cost through the Crescent Canal to its stockholders ratably and in the proportion that their stock bears to the total shares issued and outstanding; that neither the articles of incorporation of the appellant nor the stock certificates issued by it contain any restrictions upon the use of water by its stockholders; that its by-laws contain no requirement that the water delivered to its stockholders shall be used upon any specified or appurtenant land; that said by-laws have never been recorded in the office of the county recorder of Fresno County; that all of the waters so appropriated and distributed are needed for the irrigation of the lands heretofore receiving

and applying them; that said lands heretofore receiving and using said water are not entitled to the use thereof unless the owners thereof own and hold shares of stock in the appellant and then only ratably and in proportion to the stock so held; and that for this reason it is not true that the appellant or the landowners heretofore receiving such water will suffer great and irreparable damage if its proportion of said water is taken by the respondent. It was further found that the respondent is the owner of $2\frac{1}{4}$ shares of the capital stock of the appellant, that by reason thereof it is entitled to $2\frac{1}{4}$–33 15/16th of the water flowing and to flow in the Crescent Canal, that the described lands owned by the respondent have no other means by which they may be irrigated, and that unless the respondent receives the water to which it is entitled by reason of the ownership of this stock its lands will be and remain unproductive and the respondent will suffer great and irreparable damage. It was further found that these lands had never heretofore received water from the Crescent Canal but that the respondent is now entitled to receive its proportion of water, that the respondent does not propose or intend to take more than its proper share of said water, with other findings as to the manner in which the respondent proposes to connect its ditch and obtain its share of the water through a control gate installed at its expense and operated under the supervision and direction of the appellant. Judgment was accordingly entered decreeing that the respondent is entitled to its proportionate share of this water and giving it the right to connect its ditch with the Crescent Canal and receive such share through a control gate installed at its expense and to be operated under the supervision and direction of the appellant or of the court. This appeal followed.

█ The sole issue here presented is whether the appellant may refuse to furnish the respondent with its proportionate share of this water because the land on which it is proposed to use such water is not within the area within which all deliveries of water by the appellant have heretofore been confined. It is conceded "that there are no restrictions whatever contained in the articles of incorporation or the by-laws or the form of stock certificate in use by the Crescent Canal Company as to any particular land upon which the water of the Crescent Canal Company may be used or applied"; that the stock is not appurtenant to any particular piece of land;

and that title to such stock passes by mere assignment and transfer. The appellant contends ''that since the evidence shows without conflict that ever since the organization of the Crescent Canal Company all of the company's water supply has been continuously used upon a certain well defined body of land, and since the available water supply of the company is insufficient to adequately serve this body of land heretofore using and applying the same, that the water supply and all thereof has been firmly dedicated to the lands heretofore using the same and cannot now be diverted to other lands even though the owner of such other lands be a stockholder in the Crescent Canal Company.''

In support of its contention that its waters have thus been dedicated to the area in which they have been continuously used the appellant cites *Riverside Land Co.* v. *Jarvis,* 174 Cal. 316 [163 Pac. 54] , *Spurgeon* v. *Santa Ana etc. Co.,* 120 Cal. 71 [52 Pac. 140, 39 L. R. A. 701], and *Palo Verde L. & W. Co.* v. *Edwards,* 82 Cal. App. 52 [254 Pac. 922]. In the first of these cases stock in the water company in question was appurtenant to certain parcels of land and passed with a transfer of the land by virtue of a contractual relationship created by the articles of incorporation, the by-laws and the stock certificates. In the Spurgeon case the water company was organized for the purpose of delivering water to the owners of certain lands with provisions that the company would act as agent in supplying such water to said owners, that it would deliver water to no one else, and restricting transfers of shares of stock except with the lands to which they were attached. In the Palo Verde case the articles of incorporation provided that the purpose was to acquire water and deliver it to stockholders only for use upon lands within a described district and that each share of stock issued should be described in the certificate.

It is apparent that the rules applied in these cases have no application under the admitted facts in the instant case. Aside from the formation of irrigation districts, water rights may become appurtenant to certain lands in at least two ways. Section 330.24, formerly section 324, of the Civil Code provides that this may be done by a mutual water company by providing therefor in its articles or by-laws, recording the same in the county where the lands are situated, and describing the particular land in the stock certificate. Section 552 of the Civil Code contains provisions under which

a similar end is accomplished, but that section relates only to corporations which not only furnish water but have sold land. The appellant, in arguing that it is not a mutual water company and that section 330.24 has no application to it, points out the fact that it has not complied with that section and insists that it "is still authorized by its articles to sell or dispose of its water in any other manner consistent with the purposes for which it was *expressly* authorized as disclosed by its articles of incorporation." While arguing that it is thus free from having its water affixed to any particular land it then inconsistently argues, in contending that its water has been dedicated to a defined area, that while it has not sold land to any of the persons served by it it has delivered water to them "and is thereby obligated to continue such service" under section 552 of the Civil Code, and that it would defeat the purpose of that section to permit or oblige it to furnish water outside of that area. The appellant not being a corporation which has furnished water to land it has sold it is not a "such corporation" referred to in section 552 and that section has no application here. It also fully appears that the appellant has not complied with section 330.24, formerly 324, and that section is not applicable. In commenting on the application of that section the court, in *Palo Verde L. & W. Co.* v. *Edwards, supra,* said: "There is no provision in the by-laws to the effect that the water stock shall be appurtenant to the land, and, of course, there being no by-law to that effect none was or can be recorded." The court then stated that there was no evidence in the record showing that the water company, by its acts or practices, had held the water stock to be appurtenant to any land but, on the contrary, it had transferred stock regardless of the title to land and had allowed the stock to be moved from one location to another when the old certificate had been endorsed and surrendered. A similar situation appears here and it further appears that the appellant is willing, and claims the right, to discontinue serving water to a parcel of land which has always received it and permit the water to be used on other land by the same or a new stockholder, provided the new location is within the same general area. Doubtless the right to use certain water may be confined to a particular area by a contract mutually entered into by a water company and its stockholders when properly expressed through its articles, by-laws and certificates. It has been held that water rights which have become

vested before section 324 of the Civil Code was adopted were not affected by that section. (*Estate of Thomas,* 147 Cal. 236 [81 Pac. 539].) It is difficult to see how water may be dedicated, not to particular land but to land within a certain area, in the absence of any contract to that effect and without complying with any statutory provision. In the instant case, apparently, there was not even a resolution of the board of directors purporting to dedicate this water to a particular area. The fact that stockholders entitled to water have heretofore happened to use it within a certain area, does not, in itself, establish a dedication. While a water company might by appropriate steps dedicate its water for use in a certain area it could hardly, in the absence of a contract, dedicate one stockholder's beneficial interest, without his agreement or consent, to the use and benefit of the other stockholders.

In *Richey* v. *East Redlands Water Co.,* 141 Cal. 221 [74 Pac. 754], where the water right was appurtenant to the land it was held that the water company could not, either by resolution or by custom, limit a part of the stockholders to water derived from one of two sources since their contract as stockholders gave them equal rights in all of the water; that the water company could not, by usage and custom, allocate the water derived from a particular source to one part of the land only; and that the contractual rights of a stockholder could not be defeated by custom and usage, where the water rights are appurtenant to the lands. This would seem to be equally true where the right to share in the water is not appurtenant to the land or to any land.

In *Consol. Peoples D. Co.* v. *Foothill D. Co.,* 205 Cal. 54 [269 Pac. 915], the appellants owned shares of stock in the respondent water companies, the stock of which was not appurtenant to any lands and was transferable in the ordinary manner with the owners of such stock entitled to their proportionate share of the water acquired and distributed. While it was held in that case that the appellants were required to take their shares of water through the means of distribution supplied by the water companies and that they were not entitled to go to a point higher up the river to help themselves to their proportionate share the court there said: "The stockholders in corporations organized chiefly for the purpose of acquiring and distributing water have, it is true, a definite right to their proportion of the distribution of such water when so acquired, and the cases are uniform to the effect

that they may individually enforce that right by appropriate proceedings in the event of its evasion or denial on the part of the officers of the corporation.''

In *Lindsay-Strathmore Irrigation District* v. *Wutchumna W. Co.*, 111 Cal. App. 688 [296 Pac. 933], this court held that an irrigation district having purchased stock of the water company and being thereby entitled to receive a proportionate part of the water distributed by the company was entitled to take that water outside of the area previously served by the water company in spite of the fact that the water company, after the irrigation district had purchased some of its stock, passed a resolution reciting that it had been the long established policy of the company that its water should be used only on lands in a certain area and providing that from and after that date none of such water should be used outside of that area, and further providing that it should be applied only to lands which had never theretofore been supplied with such water.

We think the principles of the cases last cited support the judgment and the right of the respondent to receive its share of the water distributed by the appellant and that, under the facts and circumstances here appearing, no such dedication of this water to a particular area has been shown as is sufficient to defeat the rights of the respondent as a stockholder in the appellant corporation.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.