[No. 15427. Department Two. August 19, 1919.]

HERMAN J. ROSSI, *Appellant*, v. REX CONSOLIDATED MINING COMPANY, *Intervener and Respondent*, CHARLES HUSSEY, *Defendant*.[1]

CORPORATIONS—DIVIDENDS—ASSETS OF DISSOLVED CORPORATION. The assets of a dissolved corporation, authorized by the board of directors to be distributed according to law, are not a dividend, but are capital assets.

SAME (55) — STOCK TRANSFERS — RIGHT TO DIVIDENDS. Where a contract for the sale of shares of stock was placed in escrow and no reservation of dividends made by the vendor, the dividends accruing to the stock while in escrow belong to the vendee.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered March 27, 1919, upon findings in favor of the intervener, in an action

[1]Reported in 183 Pac. 120.

to recover dividends upon mining stock, tried to the court. Affirmed.

*Lucius G. Nash, Rosenhaupt & Grant,* and *A. B. Comfort,* for appellant.

*Burcham & Blair,* for respondent.

Mount, J.—Plaintiff brought this action to recover two thousand seven hundred one dollars and sixteen cents, claiming the same as dividends accruing to him by virtue of his ownership of two hundred and forty-three thousand shares of the capital stock of the Rex Consolidated Mining Company, a corporation. After issues made, upon a trial of the case the court denied recovery to the plaintiff, and this appeal followed.

The facts are somewhat involved and lengthy and we think need not be stated.

The appellant presents two questions of law: First, Are the assets of a dissolved corporation a dividend, where the board of directors authorized such assets to be distributed to its stockholders according to law? And second, Where a contract of sale of shares of the capital stock of a corporation is made and placed in escrow without any reference being made to dividends upon such shares of stock, is the vendor entitled to dividends?

On the first question, we think there can be no doubt that the assets of a dissolved corporation are not distributed as dividends, as dividends are commonly known. *Jorguson v. Apex Gold Mines Co.,* 74 Wash. 243, 133 Pac. 465, 46 L. R. A. (N. S.) 637. A dividend, when spoken of in reference to an existing corporation and not one being closed up and dissolved, is understood as a fund which the corporation sets apart from its profits to be divided among its members. 7 R. C. L. 283. Upon the trial of this case, the court concluded

that the proceeds of the sale of assets of a dissolved corporation were capital assets and not a dividend. We are satisfied the trial court was right in this conclusion.

Upon the second question, we are satisfied that the vendor was not entitled to dividends, even if the distribution of capital assets may be held to be a dividend. In 7 R. C. L., at page 292, § 267, under the title "Corporations," the rule is stated as follows:

"As between the vendor and vendee of shares of corporate stock, the vendee is entitled to all dividends declared thereon after the sale of the stock. According to some courts, although the transfer has not been recorded, the transferee has a right to the dividends as against the transferor; but there is authority to the contrary. . . . If, after a contract is made for the sale of shares of stock, but before the time appointed for paying therefor a dividend is declared, the purchaser is entitled thereto on complying with his contract to purchase."

We are satisfied, therefore, that when the contract of sale was placed in escrow and no reservation of dividends was made by the vendor, the dividends which accrued to the stock while in escrow belonged to the purchaser of the stock upon payment of the purchase price.

We conclude, therefore, that the trial court was right, and the judgment is affirmed.

HOLCOMB, C. J., PARKER, FULLERTON, and BRIDGES, JJ., concur.