UNITED STATES GYPSUM CO. *v.* HOUSTON.

1. CORPORATIONS—CORPORATION LAW GIVING LIEN TO CORPORATION ISSUING STOCK CONSTRUED IN CONNECTION WITH UNIFORM STOCK TRANSFER ACT.

  The provision of the corporation law (section 4, chap. 3, pt. 2, Act No. 84, Pub. Acts 1921), that a corporation shall have a lien upon stock of its members for debts due from them, is to be construed in connection with the uniform stock transfer act (section 15, Act No. 106, Pub. Acts 1913), which provides that there shall be no lien in favor of such corporation unless its right thereto is stated upon the certificate.

  [1]Corporations, 14 C. J. §§ 1192, 1196.

2. SAME—LIENS—HOLDER OF STOCK IN DUE COURSE—PRIORITY OF LIEN.

A corporation which issues its stock without stating thereon, in appropriate language, its right to a lien for the unpaid purchase price, may not assert its lien against one who holds in due course, or in good faith, for value and without notice.

Appeal from St. Clair; Tappan (Harvey), J. Submitted April 7, 1927. (Docket No. 52.) Decided June 6, 1927.

Bill by the United States Gypsum Company against David Houston and the Commercial Securities Company to foreclose a lien upon stock of defendant company. From a decree for plaintiff, defendant company appeals. Affirmed.

*Lincoln Avery* and *Gordon E. Tappan* (*Scott, Bancroft, Martin & MacLeisch* and *Leland K. Neeves,* of counsel), for plaintiff.

*Shirley Stewart* (*Eugene F. Black,* of counsel), for appellant.

CLARK, J. Defendant Houston borrowed from the plaintiff $5,000, and as evidence thereof gave his promissory note. To secure payment, he pledged and delivered to plaintiff five certificates of the common nonpar capital stock of the defendant Commercial Securities Company, a Michigan corporation, aggregating 3,000 shares. Houston was indebted to the defendant company in a considerable amount as unpaid purchase price of the shares. The certificates were in usual and due form and each recited that the shares were "fully paid and nonassessable." Nothing was stated on any of the certificates to indicate that the defendant company had any right of lien on the shares. Plaintiff made the loan and received the pledge in good

³Corporations, 14 C. J. § 1204 (Anno).

faith and for value and without notice and knowledge that Houston was indebted to defendant company or that the said company claimed any right of lien. The note to plaintiff being due and unpaid, it filed this bill to foreclose its lien, and had decree, from which defendant company has appealed.

One question merits discussion, and that is, Had defendant company, because of the statute, a lien on the shares for the unpaid portion of the purchase price which was prior to the lien of plaintiff? We quote section 15, Act No. 106, Pub. Acts 1913 (3 Comp. Laws 1915, § 11934), uniform stock transfer act:

"SECTION 15. (There shall be no lien or restriction unless indicated on certificate.) There shall be no lien issued by such corporation upon the shares represented by a certificate issued by such corporation and there shall be no restriction upon the transfer of shares so represented by virtue of any by-law of such corporation, or otherwise, unless the right of the corporation to such lien or the restriction is stated upon the certificate."

The above, it is argued, conflicts with section 4, Act No. 84, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9053 [72]), corporation act, especially the last sentence of the section:

"SECTION 4. The stock of every corporation shall be deemed personal property and shall be subject to the provisions of act number one hundred three of the Public Acts of nineteen hundred thirteen, known as the uniform stock transfer act, as to all matters and things therein prescribed; and as to matters not therein prescribed in relation to the transfer of stock, the said corporation shall have the power to make its by-laws and other regulations. Such corporation shall at all times have a lien upon all stock or property to its members invested therein, for all debts due from them to such corporation."

In this connection, it should be noted that the corporation act also has another section pertinent here. Section 9 of chapter 1 (§ 9053 [9]).

"Section 9. Nothing in this act contained shall be construed to limit or restrict the provisions of act number forty-six of the Public Acts of nineteen hundred fifteen, known as the 'securities act,' nor act number one hundred three [six] of the Public Acts of nineteen hundred thirteen, known as the 'uniform stock transfer act,' nor act number three hundred fourteen of the Public Acts of nineteen hundred fifteen, known as the 'judicature act.' "

It is interesting to note that the legislature corrected section 15 of the uniform stock transfer act by Act No. 10, Pub. Acts 1925, so that it now reads:

"Section 15. (There shall be no lien or restriction unless indicated on certificate.) There shall be no lien in favor of such corporation upon the shares represented by a certificate issued by such corporation and there shall be no restriction upon the transfer of shares so represented by virtue of any by-law of such corporation, or otherwise, unless the right of the corporation to such lien or the restriction is stated upon the certificate."

The use of the word "issued" in section 15 of Act No. 106 was not happy. This is shown by a reading of the section and by its later correction. The legislative purpose is revealed by the bracketed words of the section. And this is in keeping with the main purpose of the act, to give full negotiability to certificates of stock. *Peckinpaugh* v. *H. W. Noble & Co.*, 238 Mich. 464. The legislature did not intend to destroy or impair this important feature of the uniform stock transfer act by the language used in section 4 of the corporation act. This is indicated by its quoted references to the uniform stock transfer act. The last sentence of section 4 gives the corporation a lien on the stock, but if the corporation issues a certificate without stating thereon, in appropriate language, its right of lien, it may not assert its lien against one who holds in due course, or in good faith,

for value and without notice.   It follows that plaintiff's lien is prior to that of appellant.

The decree is affirmed, with costs to plaintiff.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.   BIRD, J., concurred in the result.