BAY CITY BANK *v.* ST. LOUIS MOTOR SALES CO.

1. CORPORATIONS—UNIFORM STOCK TRANSFER ACT—NEGOTIABILITY OF STOCK CERTIFICATES.

Uniform stock transfer act (2 Comp. Laws 1929, § 9520 *et seq.*) confers negotiability upon certificates of shares of stock.

2. SAME—"DIVIDEND" DEFINED.

Term "dividend" means that portion of its profits which corporation, by its directory, sets apart for ratable division among its shareholders.

3. SAME—UNIFORM STOCK TRANSFER ACT.

In enacting uniform stock transfer act (2 Comp. Laws 1929, § 9520 *et seq.*), legislature must be assumed to have employed term "dividend" in its ordinary sense.

4. SAME—PROTECTION AFFORDED HOLDER OF STOCK NOT REGISTERED.

Under uniform stock transfer act (2 Comp. Laws 1929, § 9520 *et seq.*), holder of stock is protected except as to payment of dividends and voting without notice to, or registration upon books of, corporation.

5. SAME—CAPITAL ASSETS NOT PAYABLE AS DIVIDEND.

Conversion of capital assets of corporation into cash and distribution thereof among shareholders in course of liquidation is not "dividend" within meaning of said term as used in uniform stock transfer act (2 Comp. Laws 1929, § 9520 *et seq.*).

6. SAME—OFFICERS OF CORPORATION LIABLE TO PLEDGEE FOR PAYMENT OF CAPITAL ASSETS AS DIVIDEND—STOCKHOLDERS NOT LIABLE.

Officers of corporation who paid to stockholder of record sum representing liquidation capital assets on dissolution without requiring surrender of stock certificates are liable therefor to pledgee, although no notice had been given corporation that said stock had been pledged (2 Comp. Laws 1929, § 9522); but stockholder who is not an officer is not so liable.

Appeal from Bay: Houghton (Samuel G.), J. Submitted April 15, 1931. (Docket No. 106, Calendar No. 35,581.) Decided October 5, 1931.

Bill by Bay City Bank, a corporation, against St. Louis Motor Sales Company, a Michigan corporation, and others to account for proceeds received from sale of corporate assets. From decree rendered, both parties appeal. Modified and affirmed.

*Duffy & Duffy,* for plaintiff.

*Ralph L. Goggin* and *Charles H. Goggin,* for defendants.

Wiest, J. Peter C. Pardee owned 25 shares of the capital stock of the St. Louis Motor Sales Company, a Michigan corporation. December 31, 1925, he borrowed $8,900 from the Farmers State Savings Bank of Bay City, upon his demand note, secured by pledge of his shares of stock. The bank closed its doors, and February 17, 1927, its assets, including the Pardee note and pledge, were sold to plaintiff. February 24, 1926, the St. Louis Motor Sales Company sold its business and in the course of voluntary liquidation on March 8, 1926, issued its check for $2,500 for "capital stock," payable to Mr. Pardee, and on April 5, 1926, its check for $500 for "20 per cent. dividend 1925," also payable to Mr. Pardee. A further "10 per cent. dividend" was paid to some stockholders but withheld as to Mr. Pardee. October 12, 1927, plaintiff foreclosed the pledge and at the sale purchased the shares of stock. At all times Mr. Pardee was of record upon the books of the corporation as owner of the stock, and

notice of plaintiff's claim under the pledge was not given to the corporation until October 8, 1926.

Each certificate bore the following upon its face:

"Transferable only on the books of the corporation by the holder hereof in person or by attorney upon surrender of this certificate properly indorsed."

Plaintiff brought this suit to have the corporation account for all sums paid Mr. Pardee after pledge of his stock and to hold the other defendants liable by reason of their acts in managing the liquidation to plaintiff's loss. Decree awarded plaintiff the sum paid Pardee out of liquidated capital assets but denied right to recover the dividend paid him out of surplus profits. Plaintiff and defendants appealed.

The main question involved is stated in the brief for plaintiff as follows:

"May a pledgee for value of stock certificates indorsed in blank though not transferred on the corporate books recover from the corporation and/or its stockholders sums representing liquidation capital assets paid by the corporation on dissolution to the record stockholder (pledgor), the corporation leaving the representative certificates outstanding and in possession of such pledgee?"

If the common-law rule prevails the corporation had a right to treat the registered holder as owner for all purposes. *Bank of Commerce Appeal,* 73 Pa. 59, 64; *Merchants & Mechanics Bank* v. *Boyd Co.,* 143 Ga. 755 (85 S. E. 914). Does the uniform stock transfer act of this State change this common-law rule? That act, 2 Comp. Laws 1929, § 9520 *et seq.,* confers negotiability upon certificates of shares

of stock. *Peckinpaugh* v. *H. W. Noble & Co.*, 238 Mich. 464 (52 A. L. R. 941); *Jackson* v. *Peerless Portland Cement Co.*, 238 Mich. 476; *United States Gypsum Co.* v. *Houston*, 239 Mich. 249. Section 9522 provides:

"(Corporation not forbidden to treat registered holder as owner.) Nothing in this act shall be construed as forbidding a corporation:

"(a) To recognize the exclusive right of a person registered on its books as the owner of shares to receive dividends, and to vote as such owner, or,

"(b) To hold liable for calls and assessments a person registered on its books as the owner of shares."

Many States, in adopting the act, have incorporated provisions in effect retaining the common-law rule. We mention a few:

Minnesota: "The transfer of shares is not valid, except as between the parties thereto, until it is regularly entered on the books of the company, so far as to show the names of the persons, by and to whom transferred, the number or other designation of the shares, and the date of transfer." General Statutes 1913, § 6177 (Mason's Minn. Stat. 1927, § 7464).

Maine: "No transfer shall affect the right of the corporation to pay any dividend due upon the stock, or to treat the holder of record as the holder in fact, until such transfer is recorded upon the books of the corporation or a new certificate is issued to the person to whom it has been so transferred." Rev. Stat. 1916, chap. 51, § 37 (Rev. Stat. 1930, chap. 56, § 44).

Our statute omits an equivalent provision and protects the corporation and its officers only to a specified and limited extent. This omission in our statute

is in aid of negotiability. Formerly actual notice of transfer was necessary in order to safeguard a holder. Now a holder is protected, except as to the payment of dividends and voting, without notice or registration upon the books of the corporation. This brings us to the question of whether the division of the capital assets among the stockholders constituted a dividend within the meaning of the statute.

"The term 'dividend' in its technical as well as in its ordinary acceptation means that portion of its profits which the corporation, by its directory, sets apart for ratable division among its shareholders. * * *

"It must be assumed that the legislature of Tennessee used the term 'dividends,' in the exemption clause under consideration, in the general sense indicated, and had reference to that portion of the net earnings of the company which legitimately constituted profits and could be rightfully apportioned or distributed among shareholders." *Mobile & Ohio R.* v. *Tennessee,* 153 U. S. 486, 496 (14 Sup. Ct. 968).

See, also, *Rossi* v. *Rex Consolidated Mining Co.,* 108 Wash. 296 (183 Pac. 120).

The legislature, we must assume, employed the term "dividend" in its ordinary sense.

Conversion of the capital assets of a corporation into cash and distribution thereof among the shareholders in the course of liquidation is not a dividend within the meaning of such term as employed in the mentioned statute. The statute permitted dividends to be paid Mr. Pardee, holder of record, but forbid, by way of exclusion of permission, the right to so recognize Mr. Pardee in a distribution of the capital assets.

Defendant Harlan E. Niles was a stockholder but not an officer. The officers of the corporation are liable. Mr. Niles, not being an officer of the corporation, is not liable. With this modification the judgment in the circuit court is affirmed.

Defendant Harlan E. Niles will recover costs against plaintiff. Plaintiff will recover costs against the other defendants.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.