O. A. BOGARDUS, Jr., Appellant,

v.

KENTUCKY STATE BANK, a corporation,
Appellee.

Court of Appeals of Kentucky.

May 27, 1955.

Rehearing Denied Sept. 30, 1955.

William G. Reed, Carrollton, for appellant.

Harlan Heilman, Carrollton, for appellee.

CLAY, Commissioner.

This suit was brought against officers of a corporation to recover a loss resulting from the distribution of part of the assets of the corporation to a stockholder who was indebted to the plaintiff bank. The trial court entered judgment for the plaintiff and one of the defendants has appealed.

R. M. Jones was an officer, director and stockholder in the Wellner Construction Company, a corporation. In 1948 he borrowed $3,500 from the plaintiff bank and pledged as security 750 shares of stock in the corporation. This note (or renewal thereof) was outstanding and unpaid in 1950. In that year all the shareholders of the corporation agreed to liquidate the company. In April and May of 1950 the assets of the corporation were sold and the shareholders were paid in cash their shares according to the amount of stock registered in their names. The stockholders were not required to surrender their stock certificates.

The defendant was an officer and director of the corporation and apparently had charge of the liquidation. The petition alleged that the defendant distributed the assets of the corporation with knowledge that the plaintiff was the pledgee of 750

shares. It also refers to the act of defendant as "fraudulent", but the petition failed to state sufficient facts to constitute fraud.

Plaintiff failed to prove that defendant had knowledge that Jones' stock had been pledged to the plaintiff. However, plaintiff insists that the defendant was a trustee of the corporate assets for the benefit of those holding its stock, whether as stockholders or creditors. The legal theory upon which the claim is based is that the corporation and its officers had no right to distribute the assets of the corporation without the surrender of stock certificates, and that in so doing they violated the rights of the plaintiff as pledgee and transferee of the certificates.

■ Under the common law rule the plaintiff would have no valid claim against the corporation or its officers, since they owed no duty in liquidation to unregistered transferees of the corporate stock. 12 Fletcher, Cyclopedia Corporations, Section 5506, page 351. Nor is it negligence on the part of the corporation in failing to require the registered holder of a stock certificate to produce it for payment. Campbell v. Perth-Amboy Mut. Loan Homestead & Building Ass'n, 76 N.J.Eq. 347, 74 A. 144; Appeal of Bank of Commerce, 73 Pa. 59; Merchants' & Mechanics' Bank v. Boyd Co., 143 Ga. 755, 85 S.E. 914.

It is also true that the general corporation law of Kentucky, KRS Chapter 271, does not specifically require the surrender of stock certificates before the distribution of a corporation's capital assets.

However, on facts very similar to those here presented, the Michigan Supreme Court has held that a pledgee of stock has rights which will be protected in liquidation under the provisions of the Uniform Stock Transfer Act. Bay City Bank v. St. Louis Motor Sales Co., 255 Mich. 261, 238 N.W. 241. In that case it was held that an unregistered pledgee of corporate stock could recover from the officers of the liquidated corporation the amount of capital assets paid over to the registered certificate holder.

The Uniform Stock Transfer Act has been adopted in Kentucky. KRS 274.030 provides as follows:

"Nothing in this chapter shall be construed as forbidding a corporation,

"(1) To recognize the exclusive right of a person registered on its books as the owner of shares *to receive dividends,* and *to vote* as such owner, * * *." (Our italics)

In view of this provision, the Michigan Supreme Court held that a corporation could recognize the exclusive right of the holder of registered stock to the payment of *ordinary dividends,* but that in paying liquidating dividends the corporation must have due regard for the rights of unregistered transferees of the stock.

■ This conclusion is justified when we consider that the Uniform Stock Transfer Act is principally designed to allow the free negotiability of stock certificates, and to make them as nearly as possible representative of the shares themselves. See 41 Yale Law Journal 918. For instance, KRS 274.010 provides that transfer is accomplished by mere delivery by a person *appearing* by the certificate to be the owner, notwithstanding any provision in the articles or bylaws of the corporation requiring shares to be transferred on the books of the corporation. KRS 274.050 provides that title is effectually transferred by a valid delivery of a certificate even though made by one having no right of possession or authority to transfer title. KRS 274.150 provides that corporation liens and restrictions on the transfer of stock must be stated on the face of the certificate.

■ Since it would impair the free negotiability of stock certificates if the rights of an unregistered transferee or pledgee were dependent on notice of the transfer or pledge given the corporation, and since KRS 274.030 limits the rights of the registered holder, we are of the opinion that the defendant at his own risk distributed liquidating dividends to Jones, the registered

owner, without requiring the surrender of the stock. . The requirement of the surrender of stock under such circumstances is not unreasonable, and is necessary to protect the corporation, its officers and persons other than registered owners having an interest in the stock. See 30 Mich.Law Review, 974.

The judgment is affirmed.